O. G. BODLEY, *et al.*, v. THE EMPORIA NATIONAL BANK.

1. CAUSE, *Removed and Remanded; Res Judicata*. Where a party files the required petition and bond, and procures the removal of a cause from a state court to the United States circuit court, on the ground that it arose, and presents an issue under the laws of the United States, and the latter court determines that question against the petitioner, and remands the cause, which decision is acquiesced in and unreversed, the question so determined is *res judicata*, and cannot be again inquired into in the court to which the cause is remanded.

2. NOTE — *Transfer — Innocent Holder*. The purchaser of a negotiable instrument from a *bona fide* holder for value acquires as good a title as the innocent holder had, and may recover thereon, although he may have had notice of infirmities in the note when he took it.

*Error from Franklin District Court.*

ACTION by *The Bank* against *Bodley* and two others, to recover upon a promissory note. Judgment for the plaintiff, at the January Term, 1886. The defendants bring the case to this court. The opinion states the facts.

*C. B. Mason*, and *Jno. W. Deford*, for plaintiffs in error.

*Wm. H. Clark*, and *W. Littlefield*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The Emporia National Bank brought this action, in the district court of Franklin county, against O. G. Bodley, F. J. Bodley and J. D. Bodley, to recover upon a promissory note given by them on June 17, 1882, promising to pay on June 17, 1884, to the order of Wm. H. Woodlief, $2,800, with interest from date at ten per cent. per annum. On May 8, 1883, a payment of $550 was indorsed on the note, and shortly afterward it was duly transferred to A. M. Blair, who in turn, and before the maturity of the note, indorsed and sold it to the bank. The Bodleys admitted signing the note, but claimed that the consideration thereof was $800, loaned to them by Woodlief, and that the remaining $2,000 was the consideration for the sub-letting of a mail contract for carrying the United States mail in Omaha, Nebraska, from July 1, 1882, to June 30, 1886. The original contractor was Riley W. Woodlief, from whom Wm. H. Woodlief, the payee of the note, procured a sub-letting to the Bodleys, and for which the remaining $2,000 of the note was a bonus. They further alleged that the payee made false representations to them respecting the extent and kind of service required under the contract, and that the indorsers and the bank had notice of the fraudulent character and illegality of the note, and the claims made by them against it. The Bodleys petitioned for a removal of the cause to the circuit court of the United States, for the reason that it was a suit arising under the laws of the United States, contending that the note sued on was an assignment of a claim against the United States, and fell within the prohibition of § 3477 of the Revised Statutes of the United States. The petition was accompanied by the required bond, and the district court granted the petition and ordered a transfer of the cause. When the record was taken to the federal court, a motion was made to remand, on the ground that the

action did not arise under the laws of the United States, nor did the answers of the Bodleys present any federal question. A hearing of that motion was had, and it resulted in an order remanding the cause, and dismissing it from that court for want of jurisdiction. A trial was subsequently had in the state court, where judgment was given in favor of the bank. The first question raised here is, that the state court had no jurisdiction to try the action, because it presented an issue under § 3477, Revised Statutes of the United States, and that as the petition and a sufficient bond for removal had been filed, the jurisdiction of the state court was lost. This question has been tried and adjudicated. It was done at the instance of the parties who now complain. They took the cause to the circuit court of the United States, and the precise question they now raise was there decided. That court was petitioned to pass on the question, and although excepted to its judgment stands unappealed from and unreversed. Having invoked that jurisdiction and procured a decision in which they have acquiesced, it effectually concludes them, and ends the controversy on that question.

The defenses urged against the note cannot be maintained. It does not come within the provisions of § 3477, U. S. Revised Statutes, and it is shown, and in fact conceded, that Blair, the immediate indorser to the bank, had no notice of alleged infirmities existing in the note as between the original parties. He took it in the ordinary course of business before maturity in good faith, and for a valuable consideration, and being unaffected by the alleged infirmities, he acquired a good title to the paper. There is an attempt to show that the bank purchased from Blair with notice of the defects, but even if that be true, it would not defeat a recovery. It is well settled that the *bona fide* holder for value can transfer a negotiable instrument to any person other than one of the original parties, and pass a title to the purchaser equal to his own. The purchaser from such innocent holder may recover thereon, although he may have had notice of the infirmities of the note when he took it. Judge Story says that "this doctrine is indispensable

to the security and circulation of negotiable instruments, and it is founded in the most comprehensive and liberal principles of public policy." (Story Pr. Notes, § 191; Dan. Neg. Ins., §§ 803, 804, and cases cited.)

Under the admissions of the parties and the testimony, we think that the bank acquired the paper free from defenses, if any existed, and we shall therefore affirm the judgment of the district court.

All the Justices concurring.