56 295
71 225

### John J. Tilley *vs.* Nelson Cobb *et al.*

Argued by respondent, submitted on brief by appellant, Jan. 2, 1894. Affirmed Jan. 25, 1894.

No. 8400.

**Review of remand from Federal Court.**
The action of the Federal Courts when remanding a case to the State Courts cannot be reviewed in the latter.

Appeal by defendants, Nelson Cobb, Albert W. Sexton, Deming W. Sexton, Robert A. Beckwith and Albert B. Clampet, from a judgment of the District Court of Hennepin County, *Thomas Canty*, J., entered February 15, 1893.

The plaintiff, John J. Tilley, brought this action October 2, 1891, under 1878 G. S. ch. 75, § 2, to determine the adverse claims of the five defendants above named and of twenty five others named and of all other persons unknown, to block nine (9) in Oakland Addition to

Minneapolis. All the defendants disclaimed except the five above named. They made and filed a petition and bond for the removal of the cause to the Federal Circuit Court for the District of Minnesota, Fourth Division, on the ground that they were not residents of this state, that Cobb resided in Missouri, Clampet in Illinois and the two Sextons and Beckwith in Connecticut, and that the plaintiff was a subject of the Queen of Great Britain and a resident of Ontario in the Dominion of Canada. They stated that they were owners in severalty of portions of the block and claimed adversely to the plaintiff and that the value of Clampet's interest exceeded $3,000 and the value of the interest of all the petitioning defendants exceeded $6,000, that all the other defendants named had disclaimed and the controversy was wholly between the plaintiff and the petitioners, that twenty days had not expired since the service of the summons on them. The District Court thereupon made an order November 25, 1891, that the action be removed to the Federal Court as prayed and that a certified copy of the record and files therein be transmitted to that court. This was done and the five defendants filed in that court their joint answer denying plaintiff's title and asserting title to various lots in the block to be in themselves. The facts stated in the answer were those recited in *Bausman* v. *Faue*, 45. Minn. 412. Defendants claimed, under the foreclosure of the mortgage to French, while the plaintiff claimed under Galushe's foreclosure of the mortgage to Hall and the estoppel by subsequent conduct. On plaintiff's motion, the Circuit Court on October 10, 1892, remanded the action to the state court, saying:

Although there is a separate controversy between the alien and the petitioning defendants, the right of removal cannot be claimed under the 3rd clause of § 2, 25 U. S. Stat, ch. 866, p. 434, for the reason that a removal on the ground of a separable controversy only applies to controversies wholly between citizens of different states. One of the parties here is an alien. Neither does the right exist under the 2nd clause, because all of the defendants are not non-residents, and the petition is signed by five defendants only. The fact that when the petition for removal was presented to the state court, the time for some of the defendants to answer had not expired, is immaterial, and so of the fact that one of the defendants is a minor. The alien plaintiff had the choice of tribunals to enforce his alleged

right against the defendants, and as he commenced in the state court, the suit must remain there for determination, unless the right of the defendants to remove is given by the statute. It may be conceded that the jurisdiction of this court is doubtful; if so, the doubt should not be resolved in favor of the jurisdiction. The state court undoubtedly has jurisdiction, and the rule is well settled in this circuit, that the safer course is to remand. *Fitzgerald* v. *Missouri Pac. Ry. Co.,* 45 Fed. R. 812.

The issues were tried in the District Court of Hennepin County, January 23, 1893. Findings were made that the five answering defendants were estopped from asserting any claim or title to the land, that plaintiff is the owner thereof, and ordering judgment to be entered quieting his title. Such judgment was entered and the defendants afterwards made a bill of exceptions and it was settled, signed, filed and attached to the Judgment Roll. It showed that on the trial these defendants objected to the trial in that court upon the ground that the cause had been lawfully removed to the Federal Circuit Court and was thereafter unlawfully remanded, and that the Circuit Court alone had jurisdiction of the action. It further showed that the objection was overruled and that the five defendants excepted to the ruling.

*Francis G. Burke* and *George M. Bennett,* for appellants.

The grounds for removal were that these five defendants were citizens and residents respectively of the States of Missouri, Connecticut and Illinois, and that the plaintiff was an alien and a citizen and resident of Canada. That none of the other defendants had or claimed any interest in or lien upon the land, and that all of them had actually disclaimed. The right of removal of these five defendants was given to them by virtue of the second subdivision of section two (2) of the removal act of Congress of March 3, 1887, 25 U. S. Stat. ch. 866, p. 434, there being sufficient value alleged in the petition to bring it within the jurisdictional requisites of the removal act.

This is a federal question which it is proper that this court should decide without regard to what may have been the decision of the United States Circuit Court in remanding the cause. Whatever decision may be rendered upon this question by this court a writ of error will lie from the Supreme Court of the United States under

U. S. R. S. § 709. *Stone* v. *South Carolina,* 117 U. S. 430; *Kanouse* v. *Martin,* 14 How. 23; *Id.,* 15 How. 198; *Gordon* v. *Longest,* 16 Pet. 97; *Chesapeake & O. R. Co.* v. *White,* 111 U. S. 134; *Insurance Co.* v. *Dunn,* 19 Wall. 221; *Railroad Co.* v. *Koontz,* 104 U. S. 5.

Galusha, who took the false foreclosure proceeding, never had any right, real or apparent, to do anything with reference to the mortgage. In a case analogous to that of *Merchant* v. *Woods,* 27 Minn. 396, the doctrine of estoppel would have to be invoked as of the time when any innocent person purchased at the foreclosure sale, which, if applied in this case, would be equivalent to deciding that there was an apparent right in Galusha to foreclose this mortgage, and also that if the purchaser at the foreclosure sale had not been innocent, the foreclosure would be void, but that if innocent, the foreclosure would be good. Plaintiff seeks to invoke the doctrine of estoppel as a sword to deprive the defendants of their title. He ought not to be permitted to do it under the facts in this case, which bear a strong analogy to the case of *Welsh* v. *Cooley,* 44 Minn. 446.

*Edward Savage,* for respondent.

This is one of the series of cases commencing with *Bausman* v. *Kelley,* 38 Minn. 197, which have occupied the attention of this court more or less for the past five years, involving the title to Oakland Addition and Silver Lake Addition in the City of Minneapolis. The evidence is not brought up for review, and the bill of exceptions presents no question but that of the jurisdiction of the trial court. The general merits of the controversy are not open for discussion in this court. That dispute has been ended by the decisions in *Bausman* v. *Faue,* 45 Minn. 412, and *Bausman* v. *Eads,* 46 Minn. 148. The jurisdiction of the District Court to hear and determine this cause is beyond dispute. It is conferred in express terms by 1878 G. S. ch. 64, §§ 1, 2; ch. 75, § 2; Laws 1885, ch. 169, and was necessarily conceded by the defendants when they took their proceeding for a transfer of the case to the Federal Court. *Fidelity Trust Co.* v. *Gill Car Co.,* 25 Fed. R. 737; *Goldstein* v. *New Orleans,* 38 Fed. R. 626.

The jurisdiction was concurrent with that of the Federal Court and when the case was remanded, the State Court had jurisdiction.

That jurisdiction was only suspended while the case was actually in the Federal Court. *Young* v. *Parker's Administrator*, 132 U. S. 267; *Roberts* v. *Chicago, St. P., M. & O. Ry. Co.*, 48 Minn. 521.

COLLINS, J. The District Court in which this action was brought had jurisdiction of the subject-matter and of the parties. Its right and power, as well as its duty, to proceed to a trial after the Federal Court had refused to entertain the case, and had remanded it, ought not to be challenged. The ruling of the latter when remanding cannot be reviewed in the state courts. Judgment affirmed.

CANTY, J, having tried the case as a District Judge, took no part.

(Opinion published 57 N. W. Rep. 799.)