ANDREW B. ROBBINS *vs.* WALTER X. MORGAN.

Argued Jan. 24, 1894.   Affirmed Jan. 30, 1894.

No. 8561.

**Finding supported by the evidence.**
    Evidence *held* to justify a finding of fact.

**Effect of making time of the essence of the agreement.**
    A contract, assumed to make time of performance of the essence of the contract as to each party, *held* not to disable one party, who fully performed within the time, to require performance by the other after the time.

Appeal by defendant, Walter X. Morgan, from a judgment of the District Court of Hennepin County, *Charles M. Pond,* J., entered August 21, 1893, against him for $454.76.

*S. R. Child,* for appellant.
*Wilson & Van Derlip,* for respondent.

GILFILLAN, C. J.   Action on a contract by which plaintiff agreed to convey certain real estate to the defendant, at the price of $500, to

be paid by the defendant delivering to plaintiff, at such times as he might require, building stone, at the market price, within two years from the date of the contract; the plaintiff to pay two-thirds in cash for the stone delivered, the other third to apply in payment for the real estate. A clause made time of the essence of the contract.

Plaintiff conveyed within the two years, but defendant delivered only part of the stone in payment, and this action is to recover the remainder of the price.

The court finds as a fact that, soon after the expiration of the two years specified in the contract, the plaintiff demanded of defendant to furnish and deliver stone to him in accordance with the terms of the contract, to the extent of paying the remainder due thereon, and that defendant refused and still refuses to do so.

This we construe to be a finding that the plaintiff made such demand as was incumbent on him to make under the contract, and there was evidence to justify the finding; such evidence being that defendant took no exception to the manner of the demand, and did not insist upon or suggest anything to be done by plaintiff to make the demand good, but based his refusal solely on the ground that he could not afford to deliver the stone at the market price, and he would not do it.

The finding disposes of all the points made by appellant but one.

That one is that, by the terms of the contract, time was of the essence of the contract as to each party. Conceding this to be so, its only effect would be that either party must perform or tender performance within the two years, to enable him to enforce performance by the other. But it would not have the effect claimed by the appellant, to wit, that, though one of them had fully performed within the two years, he could not require performance by the other after that time. On that proposition, as plaintiff conveyed the land, but did not demand pay for it within the time, defendant may keep the land without paying for it; and if, within the time, defendant had paid in full, but had not demanded a conveyance, plaintiff might have kept the price and the land too. A statement of the proposition is the only refutation needed, in the absence of unmistakable terms to bring about that result.

Judgment affirmed.

(Opinion published 57 N. W. Rep. 799.)