Wm. D. McFarland v. The State Bank of Chase, *Revived against H. W. Hedges et al., Trustees.*

No. 198.

1. Promissory Note—*Renewal of Usurious Paper.* Where a non-negotiable instrument has come into the hands of an innocent purchaser, and the maker thereafter voluntarily gives him a negotiable promissory note as a substitute for the first, which was usurious, the original usury cannot be pleaded against the new obligation.

2. ———— *Indorsement of Bona Fide Holder—Knowledge of Indorsee.* The purchaser of a negotiable instrument from a *bona fide* holder for value acquires as good a title as such holder had, and may recover thereon, although he may have had notice of infirmities in the note which he took.

Error from Rice district court; ANSEL R. CLARK, judge. Opinion filed February 10, 1898. Affirmed.

*Sam'l Jones*, for plaintiff in error.
*C. F. Foley*, for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J. : This was an action by defendant in error against plaintiff in error upon a negotiable promissory note. The cause was submitted to the court, without a jury, upon an agreed statement of facts, and a judgment rendered against plaintiff in error for $412.21, and he brings the case to this court for review. The note in suit, as shown by the agreed facts, is a final renewal of previous renewals of numerous notes given from time to time during a period of several years. The renewal note immediately preceding the one in suit was given to the Bank of Chase in renewal of and embracing all the notes preceding it, and was for the sum of $1576.40.

The agreed statement of facts sets forth that the note for $1576.40, of date June 29, 1891, was after its maturity transferred for a valuable consideration to J. M. Sallee, as shown by the indorsement on the note. On June 6, 1892, this note for $1576.40 was renewed by note No. 299 for $1752.80 [the note in suit]. Such renewal was taken and obtained by H. L. Marshall as agent for J. M. Sallee. Before the maturity of the last note it was indorsed to the present owner, the State Bank of Chase, by J. M. Sallee, from whom it was purchased for the full face value and interest at the time of the purchase. H. L. Marshall, acting for the State Bank of Chase, made the purchase from J. M. Sallee. The State Bank of Chase

was and is a corporation organized October 1, 1891, and H. L. Marshall was at all times since its organization and still is the cashier of said bank.

As cashier of the State Bank of Chase, H. L. Marshall had actual knowledge at the time he purchased the note from J. M. Sallee for the bank of whatever usurious interest there was in the note, he having transacted the business out of which the note originated. He was also a member of the board of directors of the bank when he purchased the note. J. M. Sallee had no knowledge or notice at any time of any infirmity in any of said notes, and had no knowledge or notice that any usurious interest was embodied in any of the notes in question.

Other facts contained in the agreed statement warrant us in saying that if the law is with plaintiff in error, tender and payments sufficient to more than discharge the note sued on were duly made before the action was commenced ; and if the law is with the defendant in error, the judgment of the trial court is without objection.

The defense pleaded usury, and as shown, this element entered, more or less largely, into all of the notes and renewals, and the extent of the usury and penalty, plaintiff in error insisted below, and insists here, should be credited as payment upon the original sum or sums and interest at the lawful rate. This proposition defendant in error controverts, except as to the usury directly incorporated into the note in suit, which latter only and statutory penalty were allowed by the trial court. The only question, therefore, presented for our consideration is, Did the trial court err in refusing to allow credit for and on account of the usury embraced in the former notes of which the note sued on is a renewal? This question, after full and

careful consideration and rather extensive research, we are compelled to answer in the negative.

We agree with the contention of plaintiff in error that J. M. Sallee was not a *bona fide* innocent purchaser or holder of the $1576.40 note. It was past due when indorsed to him, and therefore dishonored and non-negotiable, and open to all defenses which could have been made against the original payee. We think, also, the claim that defendant in error is not an innocent holder without notice of the infirmity in the notes is fully supported by the facts. The knowledge of H. L. Marshall, as cashier of the bank, was the bank's knowledge. To insist, however, that J. M. Sallee at any time or in any sense knew of the usury, is to flatly contradict the agreed statement of facts.

"J. M. Sallee had no knowledge or notice at any time of any infirmity in any of said notes, and had no knowledge or notice that any usurious interest was embodied in any of the notes in question." Having entered into this agreement, counsel cannot now insist that the contrary is true, either in fact or as a legal proposition. J. M. Sallee was the indorsee without notice of usury or other infirmity of the $1576.40 usurious note, which was, however, non-negotiable, and therefore subject to all defenses as though held by the original payee. McFarland voluntarily took up this note and gave in its stead the note in suit, which is negotiable under the law merchant. He is thereby estopped from ever after making the defense of usury beyond that which was directly included in the note in suit; and this was allowed and credited by the trial court. (27 Am. & Eng. Encyc. of Law, 985, 986, and numerous cases there cited.)

A person may be estopped from setting up usury as

a defense (2 Herm. Estop., §§ 911, 1012; 1 Daniel, Neg. Inst., § 859; Tyler, Usury, 418, 419), and the principle applies here. Sallee being in effect a *bona fide* holder of the note, except as to the usury credited by the trial court, it makes no difference that defendant in error knew of the usury, or whether the transfer to it was by indorsement or merely by delivery. It took the title that Sallee held. (*Bodley v. National Bank*, 38 Kan. 59.) Of course, if the indorsement to Sallee, the renewal of the note by him and the sale to defendant in error were a mere device to avoid the usury, the plaintiff in error would be entitled to the relief he asks, but the agreed statement of facts does not warrant such a finding.

The judgment of the district court is affirmed.