(May 9, 1898.)

## COEUR D'ALENE RAILWAY AND NAVIGATION COMPANY v. SPALDING.

[53 Pac. 107.]

JURISDICTION—TRANSFER OF CAUSE TO UNITED STATES CIRCUIT COURT —
CIRCUIT COURT REMANDS TO STATE COURT—EQUITABLE ESTOPPEL
TO QUESTION JURISDICTION.—The circuit court of the United
States, to which a cause has been transferred or removed from a
state court, is the sole judge as to whether the cause was properly removed or not, and its order remanding the case back to
the state court is binding upon the parties, and should be respected by the state courts. After the lapse of more than six
years from the making of an order by the United States circuit
court, to which a cause had been removed from a state court, remanding said cause back to the state court, and after an appeal
from said judgment by the defendant on a record absolutely silent
as to any question of· jurisdiction on the part of the state courts,
the said judgment was affirmed by the state supreme court, after
which said defendant filed a petition  for a writ of review, on
the ground that the state courts had no jurisdiction. *Held,* that
the petitioner is estopped from questioning the jurisdiction of the
state courts, and the writ demanded should be denied.

(Syllabus by the court.)

An original proceeding by petition for writ of review.

John T. Morgan, William T. Stoll, and Stephens, Bunn &
McDonald, for Petitioner.

The making and filing of the "written request" by the petitioner in the district court of the state invested the circuit court
of the United States, *eo instanti,* with exclusive jurisdiction of
the case and devested the state court of any pretended jurisdiction that it had. (*Koenigsberger v. Richmond Silver Min. Co.,*
158 U. S. 41, 15 Sup. Ct. Rep. 751; *Carr v. Fife,* 156 U. S.
494, 15 Sup. Ct. Rep. 427; *Ames v. Colorado Cent. R. R. Co.,*
4 Dill. 251, Fed. Cas. No. 324; *New Orelans v. Winter,* 1 Wheat.
90; *Barney v. Baltimore,* 6 Wall. 280, 287; *Freeborn v. Smith,*
2 Wall. 160; *Express Co. v. Kountze,* 8 Wall. 342, 350, 351;

*Baker v. Morton,* 12 Wall. 150, 153; *Dorne v. Richmond Co.,* 1 S. Dak. 20, 44 N. W. 1021; *Herman v. McKinney,* 43 Fed. 689; *Miller v. Sunde,* 1 N. Dak. 1, 44 N. W. 301; *Blackburn v. Wooding,* 56 Fed. 545, 15 U. S. App. 84; *Washington etc. R. R, Co. v. Coeur d'Alene Ry. & Nav. Co.,* 160 U. S. 77, 16 Sup. Ct. Rep. 231.) There is authority to the effect that a stipulation of the parties to remand, coupled with an order of the court, does not devest the circuit court of jurisdiction or invest the state court with power to take the first step. (*Lawton v. Blitch,* 30 Fed. 641.) The judgment pretended to be rendered by the district court on the 25th of April, 1896, is void for want of jurisdiction. (1 Black on Judgments, secs. 170, 218; *Beverly v. Burke,* 9 Ga. 440, 54 Am. Dec. 351; *Central Bank v. Gibson,* 11 Ga. 453; *Johnson v. Johnson,* 30 Ill. 215; *Swiggart v. Harber,* 4 Scam. 364, 39 Am. Dec. 418; *Miller v. Snyder,* 6 Ind. 1; *Seeley v. Reid,* 3 Greene (Iowa), 374; *Elliott v. Piersol,* 1 Pet. 328.) Two courts cannot have jurisdiction of the same case. (*Railroad Co. v. Koontz,* 104 U. S. 14; *Steamship Co. v. Tugman,* 106 U. S. 122, 1 Sup. Ct. Rep. 58; *Railroad Co. v. Mississippi,* 102 U. S. 135; *Kern v. Huidekoper,* 103 U. S. 485; *Insurance Co. v. Dunn,* 19 Wall. 214.) The uniform holding of the supreme court of the United States is to the effect that a state court proceeding with a cause, and attempting to exercise jurisdiction after the filing of the petition and bond, where the bond is required, is acting without authority, and its action is absolutely void. (*National Bank v. Colby,* 21 Wall. 609; 3 Myers' Fed. Dec. 261, 265, 344; *Harvey v. Allen,* 16 Blatchf. 29-47, Fed. Cas. No. 6177.)

Willis Sweet, for Defendant.

No brief filed.

QUARLES, J.—The plaintiff filed its petition for a writ of review. This court made an order that defendants show cause, at the regular term of this court held at Lewiston on the eighteenth day of April, 1898, why a writ of review should not issue. To said petition and order to show cause the defendants filed their response. The petitioner alleges: That it is a corporation

organized and existing under the laws of the territory (now state) of Montana, and doing business in Idaho. That on the twenty-fourth day of March, 1887, the respondent, Spalding, as plaintiff, commenced an action in the district court of the first judicial district of the territory (now state) of Idaho in and for Kootenai county, against the petitioner, as defendant, to recover upon a building contract a sum greater than $2,000, exclusive of interest and costs, in which action summons was issued and served; and that the petitioner here, as such defendant, filed its answer denying the allegations of said plaintiff's complaint in all respects. That after the admission of the state of Idaho into the Union by the act of Congress approved July 3, 1890, and while said action was so pending and undetermined in the said district court, to wit, on September 2, 1890, the petitioner, under the provisions of section 18 of the said admission act, made and filed in said court a written request to transfer the said action from the said district court of Idaho territory to the United States circuit court for the district of Idaho, on the ground that the plaintiff in said action, the said Spalding, was a citizen of Idaho, and the said petitioner, defendant therein, was then a citizen of the state of Montana. That thereupon the judge of the said district court of Idaho, made, on said last-named day, an order transferring the said cause from the said district court of the state of Idaho, to the circuit court of the United States for the district of Idaho. That on the thirteenth day of November, 1895, the district court of the first judicial district of Idaho in and for Kootenai county, over the objection and against the protest of the said petitioner, unlawfully assumed jurisdiction of said cause, and then and there proceeded, over the objection of the petitioner, to try and determine the same, and did, on the twenty-fifth day of April, 1896, unlawfully enter a judgment in favor of the plaintiffs therein, and against the petitioner, for the sum of $34,727.90 and costs, taxed at $1,857.05. That said district court, in trying and determining said cause, exceeded its jurisdiction, and that said judgment is void, and that the plaintiff has no speedy or adequate remedy to correct such unlawful assumption of jurisdiction by the said district court of the said state of Idaho. That

said pretended judgment has been assigned by the respondent Spalding to the respondent Sweet, who now claims to own the same. The answer filed by the respondents alleges the following facts: That the order made transferring said action from the said district court of Idaho to the United States circuit court was made by the consent of all of the parties to said action, and on the written request of the petitioner. That pursuant to the order transferring said cause to the said circuit court, all of the files, records and papers of said cause were, by the clerk of said state court, transferred to the United States circuit court for the district of Idaho. That thereafter, and on Wednesday, July 1, 1891, the said circuit court of the United States for the district of Idaho, on its own motion, remanded said cause back to the district court of the first judicial district of the state of Idaho in and for said Kootenai county, and thereafter all of the files, documents, and records in said cause were returned by the clerk of the said United States circuit court to the said district court. That no motion was made in said state district court with reference to the jurisdiction of said court, and no order made by said state district court in said action with reference to its jurisdiction therein, as is shown by the records of said district court. That said cause was continued from time to time, and from year to year, until the thirteenth day of November, 1895, when said cause was heard in said state court, which afterward, and on April 25, 1896, rendered judgment in favor of the plaintiff. That after the rendition of said judgment, the petitioner here moved for a new trial in said state district court, which motion was duly presented and considered, and by said court overruled. That the petitioner here thereupon appealed to the supreme court of the state of Idaho from the order of the state district court denying petitioner's motion for a new trial, and that on said appeal the petitioner filed in said supreme court a transcript and the complete record upon which said appeal was based, which transcript, prepared by petitioner's attorneys, was silent as to any order, motion, ruling of the court, or exceptions of the parties relating to the jurisdiction of said state district court; and the petitioner, on its said appeal, submitted its claims, rights and interests in the prem-

ises to the said supreme court of the state of Idaho without exception or objection to the exercise of jurisdiction, either on the part of the said state, district or supreme courts. That at the October term of said supreme court of the state of Idaho the said cause was heard upon the transcript so prepared, the briefs, and oral arguments of the counsel for the respective parties, and submitted to the consideration of the said court, which court afterward entered its judgment in said cause affirming the order denying a new trial so appealed from, and by *remittitur* returned to said district court its said judgment in the premises according to law.

On the hearing of the order to show cause why the writ demanded in this proceeding should not issue, the attorneys for the petitioner agreed and admitted in open court that the allegations of fact made in the petition which are denied by the answer of the respondents are not true, and that the affirmative allegations of fact in said answer are true. The petitioner based its right to the writ demanded upon a question of law, contending that the filing of the written request in the state district court for a transfer of the cause to the United States circuit court, followed as it was by an order transferring it to said circuit court, devested the state court of jurisdiction, and that the order made by the United States circuit court remanding the cause back to the state district court was void, the said circuit court having no jurisdiction to make such order. We regard the conclusion irresistible that the writ demanded must be denied, for the following reasons, to wit:

1. The United States circuit court, to which the cause was removed, was the forum to decide whether the cause was properly transferred to said court or not. That court, having decided that the cause was improperly transferred to it, made an order remanding the cause back to the state court. Such order was binding upon both parties, and comity required the state court to treat said order as valid and binding. It would have been an unwarranted act of discourtesy, as well as flagrant disrespect, for the state court to have held that the circuit court of the United States had no jurisdiction to make the order remanding the cause back to the state court. That the circuit

court of the United States to which said cause was transferred was the proper court to decide whether the cause should be transferred to it, or remanded back to the state court, we think it settled by the act of Congress of August 13, 1888 (25 Stats. 432), amending the act of March 3, 1887, a portion of section 2 of which is in the following language: "Whenever any cause shall be removed from any state court into any circuit court of the United States, and the circuit court shall decide that the cause was improperly removed, and order the same to be remanded to the state court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the circuit court so remanding such cause shall be allowed." The rule laid down by this statute follows the decision of the supreme court of the United States in *Stone v. South Carolina*, 117 U. S. 431, 6 Sup. Ct. Rep. 799. True it is that the supreme court of the United States in a number of cases, notably in *Steamship Co. v. Tugman*, 106 U. S. 118, 1 Sup. Ct. Rep. 58, have held that upon the filing of a proper petition and bond for removal from the state court to the United States circuit court, the jurisdiction of the state court ceases, and the jurisdiction of the United States court immediately attaches, and that all orders made by the state court in the cause after the filing of the petition and bond are *coram non judice,* unless the jurisdiction of the latter court shall actually be restored. This rule is not only reasonable, but necessary. In the case of *Steamship Co. v. Tugman,* the state courts ignored the petition and bond for removal. The cause was tried in the state circuit court of New York, appealed to the state supreme court, which affirmed a judgment against the parties petitioning for removal, and from such judgment of affirmance an appeal was taken to the court of appeals of New York, which affirmed the judgment of the state supreme court. In this case the party petitioning for removal objected to the jurisdiction of each of said state courts. And in that case there was no claim that the jurisdiction of the state court had been restored by a remand of the cause back to the state court. In the case at bar the state courts properly transferred the cause on the showing made, but its jurisdiction was restored by the order of the United States circuit court remanding the cause back to it.

On what ground the United States circuit court remanded the cause back to the state court does not appear in the record before us, but we must conclude that its action was proper, based on sufficient grounds, authorized by the act of Congress cited *supra,* and binding on both parties to the action, and fully restored the jurisdiction of the state trial court.

2. After the judgment in the district court in the first judicial district of Idaho in and for Kootenai county, the petitioner brought the cause on appeal into this court upon a record absolutely silent as to the filing of the request for a transfer to the United States circuit court, and silent as to the fact that an order had been made transferring the cause. The transcript was voluminous, and devolved much work upon this court. The petitioner, as appellant, brought the respondent into this court on said appeal at much expense to said respondent. The petitioner on said appeal did not question the jurisdiction of the state district court, but voluntarily sought a final deermination by this court of the matters in controversy in said cause. We think that after the lapse of more than six years from the making of the order by the United States circuit court remanding the cause back to the state district court, and after the petitioner has voluntarily sought the jurisdiction of this court for the purpose of determining the correctness of the judgment against it in the trial court, on a record which is absolutely silent as to any question of want of jurisdiction in the state courts, the petitioner is, by every sound rule of law and principle of equity, estopped from now questioning the jurisdiction of the state courts. The course pursued by the petitioner in said cause and in this proceeding is neither fair to the trial court, to this court, nor to the respondents. The writ demanded is denied, with costs to the defendants.

Sullivan, C. J., and Huston, J., concur.