## MICHIGAN STOVE COMPANY v. WACO HARDWARE COMPANY.

Decided December 20, 1899.

**1. Removal of Causes—Remand—Order Conclusive.**

The judgment of the circuit court of appeals holding a cause improperly removed into the Federal court, and remanding it accordingly, is conclusive of that question in the State court to which it has been remanded.

**2. Attachment—Reconvention—Unliquidated Damages.**

Damages arising from the levy of an attachment, though unliquidated and in tort, may be recovered on plea in reconvention in the suit where it is sought to give effect to that process, though such suit is upon contract and for a certain demand.

**3. Damages—Pleading—Special Demurrer.**

A plea in reconvention claiming damages from levying an attachment on defendant's stock of hardware by rendering valueless "tools, fixtures, and shelving and other property used in carrying on his business of the value of $500, was specific enough to stand against special demurrer; and so was an allegation of depreciation in value of the accounts of the business by closing it, though the plea does not show how depreciated thereby nor specify the accounts.

**4. Evidence—Admission—Nil Dicit in Similar Case.**

Upon the issue whether defendant in attachment was about to dispose of its property with intent to defraud its creditors, the fact that in an attachment suit by another creditor, presenting the same issues, it withdrew its plea in reconvention and permitted judgment nil dicit to go for plaintiff, was admissible as in the nature of an admission, subject to explanation, but was not to be given the effect of a judicial confession.

**5. Evidence—Inventory Not Contemporaneous.**

An inventory of a stock of goods may be admitted as tending to show amount at time an attachment was levied, though it was taken two months before that time.

**6. Attachment—Reconvention—Damages—Charge.**

See rulings in giving and refusing various charges on the subject of liability of attaching creditor for wrongful seizure of defendant's stock of goods, held not erroneous.

**7. Attachment—Exemplary Damages—Probable Cause.**

Plaintiff in attachment is not liable for exemplary damages, though the ground on which he obtained the process was untrue, where the circumstances would cause a man of ordinary prudence to believe it to be true.

**8. Attachment—Reconvention—Damages—Burden of Proof.**

A charge that the burden of proof that the affidavit for attachment was false was upon defendant seeking damages in reconvention for its issuance and levy, should have been given when requested.

**9. Attachment—"Dispose of"—"Transfer"—Charge.**

It is better that a charge, in explaining to the jury the grounds for attachment should use the statutory term "dispose of," rather than "transfer."

Appeal from McLennan. Tried below before Hon. Marshall Surratt.

*A. W.* and *W. J. Cunningham,* for appellant.

*Boynton & Boynton,* for appellee.

Fisher, Chief Justice.—The Michigan Stove Company sued appellee in the District Court of McLennan County upon an open account for $1025.15, and at the same time, after filing affidavit and bond, caused a writ of attachment to be issued and levied upon the stock of goods owned and in possession of the Waco Hardware Company.

The latter, in its answer, asked judgment for damages in the sum of $13,300 for the alleged wrongful and malicious suing out and levying of the writ of attachment. Verdict and judgment below were in favor of appellee for $5532.36, actual damages, and $900 exemplary damages.

Previous to the trial, upon application of the appellant, the case was removed to the Federal court, and the Circuit Court of Appeals of the Fifth Circuit dismissed the cause and remanded it to the State court, holding that it was not removable. 91 Fed. Rep., 298. The application

to remove was renewed in the trial of the case, and was overruled by the court below. Appellant assigns error upon this ruling, and in effect asks us to revise and overturn the previous ruling of the Circuit Court. This we can not do. The judgment of that court is binding upon us and is decisive of the question.

Appellant complains in the second assignment of error of the refusal of the court to strike out defendant's plea in reconvention, because, as the plaintiff's action is founded upon a certain demand, the defendant can not, by cross-action or plea in reconvention, set up an unliquidated demand, where the damages are uncertain, arising from tort.

There was no error in the ruling complained of. The damages arising from the levy of the attachment could be interposed in a suit where it was sought to give effect to that process. The damages complained of arose out of the suit instituted by the plaintiff, and it is a familiar rule of practice in this State that in such a case the defendant may, in the same action, recover the damages that he has sustained.

We do not think the objections urged to the pleading, as stated in the third and fourth assignments of error, are well taken. We think the facts stated in appellee's plea of reconvention were sufficiently specific in pointing out the manner in which it sustained damages.

In passing upon the questions raised in appellant's fifth and seventh assignments of error, we conclude that there was no error in the ruling of the court, in so far as it held that the matters pleaded and offered in evidence did not amount to a judicial confession that the Waco Hardware Company was about to dispose of its property previous to the levy of the attachment, with intent to defraud its creditors, but we think the proceedings offered in evidence should have been admitted under the general issue. The evidence excluded was to the effect that the Southern Agricultural Works had brought a suit against the appellee to recover an amount due, and also sued out and caused to be levied a writ of attachment upon the same grounds stated in the attachment issued in this case, to the effect that the Waco Hardware Company was about to dispose of its property with intent to defraud its creditors.

Appellee in its answer in that case pleaded in reconvention and asked damages in the sum of $14,500, and thereafter withdrew the plea and allowed judgment to be taken nil dicit, in which said judgment said affidavit was sustained.

We do not think that this evidence could be given the force and effect of a judicial confession, which implies that it could not be rebutted or explained away; but we think it was admissible as a circumstance for what it was worth, subject to explanation, if any, to go to the jury in the nature of an admission that the facts stated in the affidavit for attachment were possibly true. For the error in the ruling upon this question, the judgment will be reversed and the cause remanded.

We do not think that the court erred in admitting in evidence the inventory of the stock of goods of the hardware company.

We think there was no error in the court's refusing the charge requested, as set out in the eighth assignment of error. The charge of the court upon this subject is in the form as we understand the law.

There was no error in refusing the instruction requested as set out in the ninth and tenth assignments of error. The question of hindering and delaying creditors was not an issue in the case. The grounds of the affidavit was that it was about to dispose of its property for the purpose of defrauding creditors. There may be conduct of a character which would operate to hinder and delay creditors, but might not in law be deemed fraudulent.

In passing upon the eleventh assignment of error, we take occasion to say that we can not approve the charge requested by the appellant as framed; but our views upon this subject are, that if upon another trial a charge is requested to the effect that if the circumstances with reference to the probable disposition of the property by the Waco Hardware Company and its intent in so doing were of such a character as would lead a man of ordinary caution and prudence to believe that its purpose was to dispose of its property with the intention to defraud its creditors, although in fact such was not its purpose, the defendant could not recover exemplary damages, it should be given.

Some such charge as requested in the twelfth assignment of error, with reference to the burden of proof being upon the defendant to prove by a preponderance of evidence that the affidavit for attachment was false, should have been given.

In reply to the objection to the charge urged in the fifteenth assignment of error, we call attention of the trial court to the language of the statute. The statute uses the word "dispose" instead of the word "transfer," and it is well for the court to follow the language of the statute.

We have carefully considered the questions raised in the remaining assignments of errors, and conclude that they are not well taken.

For the reasons previously stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*