[Civ. No. 7752. First Appellate District, Division Two.—June 18, 1931.]

H. DELPIT, Respondent, v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION, Appellant.

George J. Hatfield, United States Attorney, and Esther B. Phillips, Assistant United States Attorney, for Appellant.

H. W. Hutton for Respondent.

GRAY, J., *pro* Respondent, who was a seaman on a vessel flying the flag of and engaged in the merchant

service of the United States, recovered in the Superior Court in and for the City and County of San Francisco, a judgment against appellant for an assault and battery committed upon him by the second mate of such vessel. After the time for appeal from such judgment had expired, appellant moved the trial court to vacate such judgment on the ground that it was void on the face of the record, because the Suits in Admiralty Act of March 9, 1920 (41 U. S. Stats., Chap. 95 [46 U. S. C. A., secs. 741–752]), vests exclusive jurisdiction of the cause of action pleaded in the federal courts. Appellant appeals from the order denying such motion.

But the following additional facts preclude us from passing on this interesting question. The complaint was filed in said superior court. Subsequently the cause was removed, on appellant's petition, to the District Court of the United States for the Southern Division of the Northern District of California, on the ground that the latter court had original jurisdiction. There a trial was had, resulting in a judgment in favor of appellant. The respondent prosecuted a writ of error to the Circuit Court of Appeals, Ninth Circuit, challenging the jurisdiction of the District Court. The Circuit Court of Appeals rendered the following judgment (found in *Delpit* v. *United States Shipping Board Emergency Fleet Corp.*, 19 Fed. (2d) 60): "The judgment is reversed, for want of jurisdiction in the court below, and the case is remanded to that court, with directions to remand the case to the state court whence it was removed." Thereupon the District Court remanded the case to said superior court, where a trial was had, resulting in the present judgment. The order of remand is conclusive as to the question of jurisdiction and neither can respondent here attack it nor can we review it. (*May* v. *State Nat. Bank*, 59 Ark. 614 [28 S. W. 431]; *St. Louis, I. M. & S. Ry. Co.* v. *Neal*, 83 Ark. 591 [98 S. W. 958]; *Kansas City Southern Ry. Co.* v. *Wade*, 132 Ark. 551 [201 S. W. 787]; *Queen Ins. Co.* v. *Peters*, 10 Ga. App. 289 [73 S. E. 536]; *Coeur d'Alene Ry. & Nav. Co.* v. *Spalding*, 6 Idaho, 97 [53 Pac. 107]; *Bodley* v. *Emporia Nat. Bank*, 38 Kan. 59 [16 Pac. 88]; *Tilley* v. *Cobb*, 56 Minn. 295 [57 N. W. 799]; *Smithson* v. *Chicago Great Western Ry. Co.*, 71 Minn. 216 [73 N. W.

853] ; *Des Moines etc. Levee Dist. No. 1* v. *Chicago etc. R. Co.*, 240 Mo. 614 [39 L. R. A. (N. S.) 543, 145 S. W. 35] ; *Feeney* v. *Wabash R. Co.*, 123 Mo. App. 420 [99 S. W. 477] ; *Gerner* v. *Mosher*, 58 Neb. 135 [46 L. R. A. 244, 78 N. W. 384] ; *Osteen* v. *Atlantic Coast Line R. R. Co.*, 119 S. C. 438 [112 S. E. 352] ; *Empire Min. Co.* v. *Towboat Co.*, 59 S. C. 549 [38 S. E. 156] ; *Stockley* v. *Cissna*, 119 Tenn. 135 [104 S. W. 792] ; *Pioneer Sav. etc. Co.* v. *Peck*, 20 Tex. Civ. App. 111 [49 S. W. 160] ; *Michigan Stove Co.* v. *Waco Hardware Co.*, 22 Tex. Civ. App. 293 [54 S. W. 357] ; *Texas & P. Ry. Co.* v. *Conway*, (Tex. Civ. App.) 182 S. W. 52.)

The trial court having correctly denied the motion, the order is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.