## MOORE v. FERRIER et al.

No. 871.

Court of Civil Appeals of Texas. Eastland.

May 29, 1931.

Clyde E. Thomas and Martelle McDonald, both of Big Spring, for appellant.

Brooks & Woodward, J. P. Rogers, and John B. Littler, all of Big Spring, for appellees.

LESLIE, J.

The plaintiff Ross Ferrier filed this suit against the defendant Billie H. Moore, to recover an indebtedness of $987.50, the unpaid balance of the purchase price of an automobile sold by him to her, and to foreclose a chattel mortgage lien on the automobile securing said indebtedness.

The plaintiff Ferrier conceived his debt to be insecure, and for some reason, alleged to be based upon a stipulation in the mortgage, declared the obligation due, and sequestered the automobile April 12, 1928, on the ground that he feared the defendant would remove the property from the state and injure the same during the pendency of the suit. Immediately preceding the filing of the suit, and quite simultaneously with it, the defendant Billie Moore was arrested for theft of the car, and her examining trial on a charge or complaint filed by one Bettie Hemler took place on the same day, April 12, 1928. During the progress of the trial the sequestration proceedings were initiated by Ferrier, who was in attendance on the trial as a witness in behalf of the state.

At the conclusion of the examining trial the defendant Moore was discharged, and thereafter she answered in the present suit. In doing so she moved to quash the affidavit forming the basis of the sequestration, and cross-acted against the plaintiff Ferrier and the sureties on his sequestration bond, and also brought in with Ferrier et al. as codefendants in the cross-action, H. L. Propst, and Bettie Hemler. By the cross-action Moore sought to recover actual damages against Ferrier and the other defendants in the cross-action on separate and distinct grounds, respectively: First, for wrongfully suing out the writ of sequestration, and, second, for malicious prosecution by reason of said theft charge.

In substance, the cross-complaint of Moore is to the effect that the defendants in the cross-action conspired and confederated together to have her arrested upon the theft charge in order to intimidate and coerce her into delivering the possession of the car to Ferrier, and that, in like manner, and to fraudulently injure her and deprive her of the car, the sequestration proceedings were by them instituted wrongfully and without just cause.

■ The plaintiff Ross Ferrier, defendant in cross-action, urged special exceptions Nos. 1 and 2, respectively, to the above grounds of defense and affirmative relief. The court sustained each exception, and the cross-action was "in all things stricken out." However, it was stricken out only as to Ferrier, Mitchell, and Lyle. The court's order recites that, "Exceptions Nos. 1 and 2 filed herein by the plaintiff Ross Ferrier, and the defendants in cross-action, C. W. Mitchell and L. N. Lyle," came to be heard and were sustained, resulting in such matters being "stricken out." The order of the court is a little broader than the exceptions, which appear to have been urged by Ross Ferrier alone. There is nothing in the transcript to indicate that either Propst or Hemler sought and obtained from the court a ruling on any exception to the same matter. Hence, Bettie Hemler and H. L. Propst remained in the case as defendants in the cross-action, having obtained no such ruling in their behalf as that given in the case of Ferrier. In this situation the trial proceeded, and resulted in a judgment disposing of all parties to the litigation except Hemler and Propst. The judgment as finally rendered, and the one from which this appeal is attempted, took no notice of either Propst or Hemler. In this the court committed error, as pointed out in the appellant's assignment No. 9 and proposition 4 thereunder. The error lies in this: The judgment rendered is not final, in that it does not dispose of all the parties. It is not enforceable and an appeal cannot be prosecuted therefrom. Simpson v. Bennett, 42 Tex. 241; St. Louis, S. F. & T. Ry. Co. v. Tudle (Tex. Civ. App.) 171 S. W. 797; Willis v. Keator (Tex. Civ. App.) 181 S. W. 556; Britt v. Sweeney (Tex. Civ. App.) 75 S. W. 933; Gathings v. Robertson et al. (Tex. Civ. App.) 264 S. W. 173; Van-Vleet Mansfield Drug Co. v. Spradlin (Tex. Civ. App.) 268 S. W. 786; R. R. Commission of Texas v. Texas Steel Co. (Tex. Civ. App.) 27 S.W.(2d) 861; 3 Tex. Jur. §§ 53–57, and authorities cited therein.

■ For a lack of jurisdiction to consider the appeal, this court must dismiss the same. Taylor v. Masterson et al. (Tex. Civ. App.) 231 S. W. 856, and authorities there cited.

■ While we are without authority to pass upon other questions raised, in view of the possibility of another trial we indicate our views on some of the points apparently in the case. As noted, the defendant Moore filed a cross-action for damages alleged to grow out of the plaintiff's wrongfully suing out a writ of sequestration. On special exceptions this was stricken out on the ground that "the plaintiff's cause of action * * * was based upon a certain demand, to-wit: an action

upon a note, and for foreclosure of a mortgage lien thereon, * * * and that defendant's cross-action is uncertain and is an unliquidated demand arising out of the commission of a tort and is not incident to or connected with plaintiff's cause of action, and therefore should be dismissed." In sustaining this exception the court erred, as may be seen from the following authorities: Harris v. Finberg, 46 Tex. 79; Walcott v. Hendrick, 6 Tex. 406; Beatty-Folsom Co. v. Edwards (Tex. Civ. App.) 238 S. W. 340; Michigan Stove Co. v. Waco Hdw. Co., 22 Tex. Civ. App. 293, 54 S. W. 357; Natl. Bond & Inv. Co. v. McCoy et al. (Tex. Civ. App.) 263 S. W. 1089.

Such damages as were claimed in this count may be pleaded as set-off and counterclaims "arising out of or incident to, or connected with, the plaintiff's cause of action" in this case. Article 2017, R. S. 1925.

By the same process of reasoning it would seem that damages arising out of malicious prosecution, as charged in this case, should also be held a proper matter of set-off and counterclaim under the statute; but without passing upon that question, or indicating any views with reference thereto, we call attention to the following authorities, which appear to be to the contrary: Pittman v. Keith et al. (Tex. Civ. App.) 24 S. W. 88; Farrow v. Star Ins. Co. (Tex. Civ. App.) 273 S. W. 318.

The Pittman Case was cited with approval in Columbia Natl. Bank v. Rizer, 153 S. C. 43, 150 S. E. 316, 68 A. L. R. 443, by the Supreme Court of South Carolina.

The appellant advances the contention that the affidavit which serves as a basis of the sequestration proceedings, in stating that "plaintiff is the owner of said property, or that he holds a chattel mortgage on the same," is duplicitous, vague, and indefinite, and as a matter of law insufficient to support the writ, and upon this ground it appears that a motion was made to quash the affidavit and which was overruled. The motion should have been sustained. The affidavit does not comply with article 6841, R. S. 1925. Subdivision 2 thereof makes provision for such cases. Cooper v. Cook, 286 S. W. 334, is in point. In principle the following authorities support the holding: Hopkins v. Nichols, 22 Tex. 207; Culbertson v. Cabeen et al., 29 Tex. 253; Pearre & Co. v. Hawkins, 62 Tex. 434; Clark v. Elmedorf (Tex. Civ. App.) 78 S. W. 538; Williams v. Givins (Tex. Civ. App.) 11 S.W.(2d) 224.

The suit was for debt and foreclosure, and the judgment makes no specific mention of the amount of the debt adjudged to be due, unless it be said that it contains a reference to the petition, which might aid in determining the amount, or supply the deficiency. The judgment is attacked by a proposition raising this question of its sufficiency, but since it

will be reversed for other reasons a question so serious as this will evidently not be injected into the case again.

Propositions 7 and 8 relate to the admission of testimony alleged to be irrelevant, immaterial, prejudicial, and inflammatory. The testimony complained of in the eighth proposition is shown to have been given by the plaintiff Ross Ferrier on direct examination, over the objections of defendant, and is, as disclosed by the bill, as follows: "When I got to Big Spring Bettie Hemler told me about the situation; that is, about Billie Moore stealing this Dodge automobile, and I found out that Billie Moore had gone to Midland and checked out all the money that was in the bank to Bettie's credit." This testimony is so clearly objectionable under the pleadings upon which the case went to trial, and its prejudicial nature is so obvious, that it will evidently not be injected into the case upon another trial. Proposition 7 relates to matters of the same nature.

From what has been said it is not to be implied that the pleadings are in all respects approved. No opinion is expressed with reference to them, since they were not sought to be tested by exceptions.

For the reasons assigned the appeal is dismissed.