### CAPETILLO v. BURRESS & ROGERS et al.

### No. 11867.

Court of Civil Appeals of Texas. Galveston.

June 26, 1947.

Rehearing Denied July 17, 1947.

James A. Copeland, of Houston, for appellant.

F. Warren Hicks, of Houston, for appellee.

CODY, Justice.

This is an appeal by plaintiff from a judgment which sustained a plea in abatement to plaintiff's action for damages for the wrongful and malicious sequestration by defendants of plaintiff's truck in a former suit.

The plea in abatement was tried before the court, without a jury, upon the following evidence: (1) The record in the former suit; (2) written stipulations of counsel; and (3), of course, the court had before him the record in this case.

The record in the former case, so far as here material, showed the following: that the defendants herein, Burress and Rogers, instituted suit in the district court of Harris County on July 1, 1942, against J. J. Skiro and wife, and against plaintiff herein. The suit against Skiro and wife was upon debt, and to foreclose a chattel mortgage given by Skiro and wife on a certain truck to secure the payment of said debt. Said former suit was against plaintiff herein because he was in possession of the truck, and in their petition in the former suit Burress and Rogers alleged that whatever rights in the truck plaintiff herein had were inferior to their lien. The record in the former case further shows that on October 1, 1942, Burress and Rogers caused a writ of sequestration to be issued under which, on October 5, 1942, the truck was taken from the possession of plaintiff herein, and held in the custody of the law subject to the right of plaintiff herein to replevy, etc. That on February 12, 1943, plaintiff herein filed his first amended original answer in the former case, and in said pleading, as against Burress and Rogers, affirmatively sought judgment that he was an innocent purchaser for value without notice of the Burress and Rogers lien. And plaintiff in his said answer asked for judgment for title and possession of the truck. Plaintiff did not in his said pleading urge or assert in the former suit any claim against Burress and Rogers for wrongful sequestration. Thereafter, as against Skiro and wife, an agreed judgment was rendered in favor of Burress and Rogers for debt. But the trial or contest between Burress and Rogers and plaintiff herein, as to the superior property right in the truck, took place beginning on April 6, 1943. Judgment was rendered in the former suit that plaintiff herein was an innocent purchaser of the truck for value, without notice of the lien of Burress and Rogers. And Burress and Rogers were denied foreclosure of their lien as against plaintiff herein, and as against him they took nothing; and plaintiff was adjudged the title and possession of the truck. The truck was released to plaintiff on May 12, 1943.

. The record in this case shows this: that on October 6, 1943, plaintiff brought this action in the district court of Harris County. And it appears from plaintiff's petition herein that his action is one for damages for the wrongful and malicious sequestration, in the former suit, by Burress and Rogers of aforesaid truck; it further ap-

pears that the action is also against the Hartford Accident and Indemnity Company, the bondsmen on the indemnity bond. That on November 1, 1943, the defendants herein filed answers which consisted of a general denial. That on May 23, 1945, defendants filed first amended original answers, and set up therein for the first time, among other things, a plea in abatement to plaintiff's suit. It further appears that plaintiff at no time objected or excepted to the late filing of the plea in abatement. The stipulation upon which the plea in abatement was tried, so far as here material, is: "3. That whatever cause of action, if any, the plaintiff has and which he seeks to assert in the petition herein, arose out of the transaction, or occurrence, that was the subject matter of the former suit."

The theory upon which defendants urge their plea in abatement is that plaintiff, by failing to urge his cause of action for damages for wrongful sequestration, if any, as a counterclaim or cross-action in the former suit, waived his claim for such damages, and that plaintiff's present action for such damages is barred by force of Rule 97(a), T.R.C.P., which defines compulsory counterclaims.

Plaintiff predicates his appeal upon seven points which are in substance:

1. Defendants did not file their plea in abatement in due order of pleading as required by Rule 84, T.R.C.P., and thereby waived said plea.

2. The court abused his judicial discretion in hearing the plea in abatement, since the plea was filed in violation of Rule 84.

3. Rule 97(a) is not applicable to plaintiff's action for damages for wrongful sequestration.

4. In view of the special rules governing sequestration proceedings, and Rule 815, T.R.C.P., Rule 97(a) could not affect plaintiff's substantive right to file an independent action for wrongful sequestration.

5. The court's construction of Rule 97 (a), as applied to plaintiff's petition, and in sustaining the plea in abatement, was unreasonable, strict, and arbitrary, and violative of Rule 1, T.R.C.P., and in conflict with prior interpretations of R.C.S. Art.

6843, new Rule 698, T.R.C.P., by the Supreme Court.

6. An independent action for wrongful sequestration, whether predicated upon the sequestration bond under Rule 698, or on a common-law tort, comes within an exception to Rule 97(a).

7. Plaintiff's action sounded in tort, and under Rule 97(a) was not the proper subject of a counterclaim against the contractual demands asserted by Burress and Rogers in the former suit, and said action does not come within the classification of compulsory counterclaims as defined by Rule 97(a), but is an exception thereto.

Opinion.

■ Plaintiff's points 1 and 2 are overruled. Prior to the adoption of Rule 84, it was settled that a defendant was required to file and present his pleas in due order. But it was equally well settled that such requirement was a formality which a plaintiff could waive. The incorporation of the requirement that a defendant file and present his pleas in due order of pleading in Rule 84 has not changed the nature of such requirement, and same remains a formality which a plaintiff can waive. It appears that no objection was made to the filing of the plea in abatement out of due order, and no objection was urged to the court hearing same. The defect in defendant's pleading was waived. Rule 90, T.R.C.P.

■ Prior to the adoption of the new Rules it was uniformly held that a defendant successful in a sequestration proceeding could assert his claim for damages by reconvention or counterclaim in the original suit and the rule was thus stated in 57 C.J. 263: "In the same jurisdictions where defendant in sequesetration proceedings is permitted to reconvene or counterclaim, or to sue on the bond for damages, he has the option to bring a third action, by way of an independent proceeding sounding in tort against all those proximately causing the injury of which he complains." Indeed, it was explained in Moore v. Ferrier, Tex.Civ. App., 39 S.W.2d 120, 122, that damages "may be pleaded as set-off and counterclaims 'arising out of or incident to, or connected with, the plaintiff's cause of action' * * * [R.C.S. Art. 2017]." Vernon's

956

Texas Civil Statutes indicate that said Article 2017 has been repealed by the new rules of civil procedure, and by annotation refer to Rule 97, T.R.C.P.

Rule 97, as aforesaid consists, of sections (a) to (h), inclusive. Broadly speaking the various sections of said Rule provide that any claim which a litigant has against an opposing party or a nominal coparty shall constitute either a compulsory counterclaim or permissive counterclaim. Rule 97(a) provides: "Compulsory Counterclaims. A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Rule 97(g) provides: "Tort shall not be the subject of set-off or counterclaim against a contractual demand nor a contractual demand against tort unless it arises out of or is incident to or is connected with same."

From former adjudications it appears that the tort feature of a wrongful sequestration was construed as " 'arising out of or incident to, or connected with, the plaintiff's cause of action' * * * [R.C.S. Art. 2017]." Moore v. Ferrier, supra. So it is clear that no section of Rule 97 prohibited the plaintiff herein from having urged by way of counterclaim in the former suit his claim for damages under the sequestration bond, or his claim for damages arising out of a common-law tort by reason of wrongful sequestration.

We think that by former decisions of our courts, and by their practice prior to the adoption of the new rules, it must now be considered as settled that any injury suffered by a defendant in sequestration arose out of or was incident to, or connected with, the cause of action of the plaintiff in sequestration. Whether or not the cause of action asserted by the plaintiff herein arose out of "the transaction or occurrence" that was the subject matter of the claim asserted by Burress and Rogers in the former suit need not be decided because the parties stipulated, as pointed out above: "3. That whatever cause of action, if any, the plaintiff has and which he seeks to assert herein, arose out of the transaction, or occurrence, that was the subject matter of the former suit." But we wish to make it clear that we are not holding that the cause of action arising in favor of a defendant in sequestration, by reason of wrongful sequestration, could be properly classified as a claim which arose out of "the transaction or occurrence" that was urged against him in the main suit out of which the writ of sequestration was issued. Since the trial court was foreclosed by the stipulation of the parties, the question (of whether the claim of plaintiff for damages for wrongful sequestration could be properly classified as one that arose out of the "transaction or occurrence that was the subject matter" that was urged against him in the former suit) is not presented for decision.

We overrule plaintiff's points 3 to 7, inclusive, and as sufficient cause for overruling said points we assign his aforesaid stipulation "(3)". We are reluctant to have to decide that a litigant has stipulated himself out of court. We realize that a litigant cannot reasonably be taken as having intended to stipulate himself out of court. On the other hand, a stipulation is a solemn agreement. The court is impliedly invited to act thereon, and if an error results, it is in the nature of invited error. We have carefully considered the stipulation and can find no basis for holding there is any ambiguity therein. The trial court evidently accepted and acted upon the same according to the only meaning which we can find said stipulation will bear. The trial court was justified in holding, under aforesaid stipulation, that plaintiff was compelled to assert his action for wrongful sequestration as a counterclaim in the former suit, and that it could not, because of Rule 97(a), be asserted as an independent cause of action over the objection of defendants.

We affirm the judgment of the trial court.

## On Motion for Rehearing.

We withdraw so much of our former opinion as holds that plaintiff by agree-

ing to stipulation No. 3 foreclosed the question against him that a wrongful sequestration arose out of the "transaction, or occurrence, that was the subject matter of the former suit." The record in the former suit was before the court, and it was a question of law whether or not a wrongful sequestration issuing out of the former suit, if it was such, arose out of the "transaction, or occurrence, that was the subject matter of the former suit."

■ A wrongful sequestration is in the nature of an abuse of process of court procured by a party to a suit. It does not arise out of a transaction or occurrence which is being litigated, but arises out of the wrongful act of a party to the litigation in seeking to enforce rights arising out of the transaction or occurrence which is the subject matter of his suit. We must therefore hold that Rule 97(a) is not applicable.

We therefore hold that the court erred in sustaining the plea in abatement. The motion for rehearing is granted and the cause is remanded for trial.

Motion granted, former judgment set aside, and judgment reversed and cause remanded.