Charles SPANGLER et al., Appellants,

v.

Curtis HICKEY et al., Appellees.

No. 198.

Court of Civil Appeals of Texas.

Tyler.

March 31, 1966.

Tom Bankhead, Bankhead & Davis, Carthage, Wardlow Lane, Center, for appellants.

Fred Whitaker, Carthage, Billy Hunt, Fairchild & Hunt, Center, for appellees.

SELLERS, Justice.

The former opinion of this Court in this case is withdrawn and the following substituted for the same:

Curtis Hickey, as Lessor, and others holding rights in the lease under him, brought this suit against A. A. Morgan, the original Lessee, and those holding under him. Plaintiffs' suit was one in trespass to try title to 0.44 of an acre of land in the proven Carthage Gas Field. The plaintiffs, by special pleading, claimed the original lease had terminated for failure of defendants to secure a connection to a pipeline and the production of gas within the time set out in the lease for such performance. Plaintiffs also sought to recover of defendants the value of production from the well after a connection was had.

The defendants answered by a general denial plea of estoppel on the part of plaintiffs to assert that the lease had terminated, alleged mutual mistake, fraud on the part of plaintiffs, and by cross action against plaintiffs, sought to recover for the value of improvements in good faith.

This case has been tried and appealed prior to the entry of this judgment. The first trial, which was tried to a jury, resulted in a judgment for defendants for title to the leasehold estate. Plaintiffs appealed this judgment to the Court of Civil Appeals at Texarkana, and the judgment was reversed and the cause remanded for another trial, 358 S.W.2d 216.

When the mandate was received in the trial court, the plaintiffs, appellees here, in their brief, state:

"* * * After remand appellees, as plaintiff below, filed their Second Amended Original Petition on July 24, 1963 * * * setting forth the two separate causes of action, one of which was against the Lease Claimant Defendants for an adjudication of a status of the lease; and the other against Lease Claimant Defendants and the production purchasers for an accounting and for judgment against all defendants, jointly and severally, for the value of the production sold. * * *

"By Order entered June 14, 1965, the trial court severed from the main case, and ordered same separately docketed, all issues between all parties except the issues of 1) whether or not the oil, gas and mineral lease and the leasehold estate of defendants have terminated; 2) whether or not the record of said lease should be removed as a cloud on the title to the land described in said lease; and 3) whether or not plaintiffs (appellees) are entitled to recover from defendants (appellants) title to and possession of said land * * *."

In its final judgment for plaintiffs granting their motion for summary judgment, the court decrees that plaintiffs have judgment for title and possession of the leasehold estate against all defendants and the judgment there contains this provision:

"* * * All issues and asserted cause of action between all parties, except those adjudicated herein, have been severed herefrom by Order signed and entered; * * *"

It is apparent from this judgment that the plaintiffs' right to an accounting from the defendants was not adjudicated in this judgment, nor was defendants' cross action for improvements in good faith adjudicated, but these issues were severed out of the

main case by the court and remained to be heard at a future trial.

The defendants excepted to the order of the court in severing this case into two causes of action and have assigned the same as error in this court.

We are of the opinion that appellants' contention must be sustained. As we construe the pleadings of the parties, they do not present two distinct law suits subject to a severance under the Rules of Civil Procedure No. 41. The plaintiffs' case for a termination of the lease and accounting is the only law suit they have, and defendants' defense and cross action for improvements in good faith are based upon plaintiffs' sustaining their contention that the lease has terminated. The whole controversy grows out of but one transaction and should be tried in one case.

Chief Justice Calvert made this observation in the case of Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648:

"* * * Our courts have always frowned upon piecemeal trials, deeming the public interest, the interests of litigants and the administration of justice to be better served by rules of trial which avoid a multiplicity of suits. * * *"

We have direct authority that it was error for the trial court to sever the cross action of defendants, Ulmer v. Mackey, Tex. Civ.App., 242 S.W.2d 679:

"* * * We find the trial court further erred in severing appellant's cross action because same is based upon identical facts and issues growing out of and connected with appellee's cause of action against him. Such cross action or counterclaim is styled 'compulsory counterclaims,' under (a), Rule 97 Texas Rules of Civil Procedure. It is mandatory to file such action in the cause of action set up by the opposing party in order to avoid circuity of action, inconvenience, expense and consumption of the court's time in trying said cross ac-

tion in an independent suit. We deem if it is necessary to file such cross action that it is also imperative to try it in the same cause. See notes under Rule 97, sec. (a). * * *"

As evidence that the facts present but one law suit, we refer to the recent case of Fox v. Thoreson, Tex., 398 S.W.2d 88, very similar to the facts in this case, and all issues were decided in one trial which went all the way to the Supreme Court.

Since the trial court erred in granting a severance in this case, it is our opinion that the judgment of the trial court should be reversed and the cause remanded to that court for another trial.