John BATES et al., Appellants,

v.

The FIRST NATIONAL BANK OF WACO, Texas, Appellee.

No. 5283.

Court of Civil Appeals of Texas, Waco.

Oct. 31, 1973.

John L. Bates, Waco, for appellants.

Minor L. Helm, Jr., and P. M. Johnston, Waco, for appellee.

## OPINION

JAMES, Justice.

This is a case wherein the trial court granted a summary judgment in favor of Plaintiff-Appellee Bank against Appellants and other Defendants. We reverse and remand.

Plaintiff-Appellee, The First National Bank of Waco, Texas, (hereinafter called "Bank") brought this suit to recover on a $48,000.00 note executed by a Corporation, Texas Metallic Mines, Inc. The Bank sued not only Texas Metallic Mines as maker of the note, but also sued Defendant-Appellants John Bates, Marion F. Pearce, and seven other parties as guarantors of the note in question. Each guarantor except Defendant B. M. Connor was sued on the alleged basis of having executed a written guaranty to the Bank not to exceed $50,000.00 for credit extended and

to be extended to Texas Metallic Mines. Defendant B. M. Connor was sued on the alleged basis of having executed a written guaranty to the Bank not to exceed $15,000.00 for credit extended and to be extended to Texas Metallic Mines.

Defendants Texas Metallic Mines, Bates, Jones, and Pearce filed an answer and cross-action against the Bank in which they set up defensive matters which if proven to be true would defeat the Bank's cause of action in whole or in part. In substance these alleged defensive matters are as follows: That Defendant guarantors agreed to execute the guaranty instruments in question only after Bank agreed to take a security agreement upon certain equipment then owned by Texas Metallic Mines located in the State of Arizona; that such written security agreement was executed by Texas Metallic Mines in favor of and accepted by Bank. All of these transactions were about eleven months prior to the execution by Texas Metallic Mines of the $48,000.00 note in question, said note bearing date of January 2, 1970. At or about the same time that the $48,000.00 note was executed, Bates and Jones (who were also officers of Texas Metallic Mines) demanded that the Bank proceed under the security agreement to foreclose and recover the mortgaged equipment or the value thereof to be applied upon and to pay the $48,000.00 note.

Allegedly the Bank had taken no action to foreclose as demanded by Bates and Jones for over a year, until February 26, 1971, on which last-named date it was alleged Bank's representatives agreed with Texas Metallic Mines' officers and guarantors that Bank would employ attorneys in Arizona to foreclose the security instrument and under judgment of foreclosure to recover the mortgaged equipment for the purpose of paying off the $48,000.00 note. In return it was alleged the guarantors agreed to pay the cost of the foreclosure proceeding in Arizona and to pay the interest up to date on the note. Pursuant thereto guarantors did pay the interest up

to March 1, 1971, on the note. Thereafter, Bank contacted a law firm in Phoenix, Arizona, but went no further, and thereby it was alleged they breached their agreement to foreclose. It is further alleged that had the Bank performed its agreement to foreclose, sufficient funds would have been forthcoming from the judgment sales in foreclosure to pay off the $48,000.00 note.

Said answer and cross-action of these Defendants charges the Bank with fraud, breach of contract, and negligence in connection with the above transactions.

Defendant B. M. Connor, the guarantor who had executed a guaranty instrument not to exceed $15,000.00, filed a sworn denial of execution of the guaranty instrument he was sought to be charged with.

The Bank filed a Motion for Severance, seeking to sever its cause of action against Connor from the suit against all the other Defendants; and on the same date as the Motion for Severance was filed, the trial court granted the Motion and entered such order of severance as prayed for. Appellants complain that this severance was ordered without any notice to Appellants and without any hearing.

Then the Bank moved for summary judgment on the $48,000.00 note (supported by affidavits) against Texas Metallic Mines as maker and against Appellants and all the remaining Defendants for $48,000.00 plus interest at 9½% per annum from March 24, 1972 plus $4800.00 attorneys' fees and costs. Defendant-Appellant Bates filed an answer in opposition to the Motion for Summary Judgment, supported by his affidavit in which he asserts facts substantially along the lines as set out in his answer and cross-action hereinabove referred to; that is to say, facts which assert defenses of fraud, breach of contract, and negligence. Other Defendants filed affidavits in opposition to the Motion for Summary Judgment; however, it is not necessary to particularize these.

The trial court granted Summary Judgment in favor of the Bank against all the

Defendants except Connor as prayed for by the Bank in its Motion.

Appellants Bates and Pearce appeal on seven points of error. By points five, six, and seven, Appellants assert error in the trial court's granting the summary judgment because material fact issues were raised by Appellants in their affidavits in opposition to the Motion for Summary Judgment. We sustain this contention.

■ Our Supreme Court has interpreted Rule 166–A, Texas Rules of Civil Procedure, regarding summary judgments, in Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company (Tex.Sup.Ct.1965) 391 S.W.2d 41 and in Harrington v. Young Men's Christian Ass'n of Houston (Tex.Sup.Ct.1970) 452 S.W.2d 423, and we will not repeat those interpretations here. Suffice it to say that to entitle the movant to a summary judgment, the movant has the burden of showing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Harrington,* supra.

In the case at bar, the Plaintiff Bank falls short of its burden of proof, because of the material fact issues raised by Defendant-Appellant Bates in his summary judgment proof. We therefore reverse the trial court's judgment as to all Defendants and remand the cause to the trial court for trial on the merits.

■ Fraud vitiates every transaction tainted by it, and the existence of fraud is a question of fact for the trier of facts. Drinkard v. Ingram (Tex.Sup.Ct.) 21 Tex. 650; Graham v. Roder (Tex.Sup.Ct.) 5 Tex. 141; De Leon v. White (Tex.Sup.Ct.) 9 Tex. 598; 26 Tex.Jur.2d, "Fraud and Deceit," par. 140, p. 126.

■ The following cases from this court affirm the foregoing, and further hold that in cases in which summary judgment has been granted, if the affidavits or other summary judgment evidence raise a fact issue as to fraud, then summary judgment is improper. Farnsworth v. Dolch (Waco, Tex.Civ.App.1972) 488 S.W.2d 531, error refused NRE; Young v. Texas Employers' Ins. Ass'n (Waco, Tex.Civ.App.1972) 488 S.W.2d 551, no writ history; Dudley v. Lawler (Waco, Tex.Civ.App.1971) 468 S.W.2d 160, no writ history; Crow v. Crow (Waco, Tex.Civ.App.1972) 485 S.W.2d 928, no writ ·history; Abraham v. Amoco Production Co. (Waco, Tex.Civ.App.1973) 498 S.W.2d 404, no writ history.

Likewise, material fact issues raised by Appellants in their summary judgment proof setting up the defenses of breach of contract and negligence against the Bank would be sufficient to render the summary judgment improper.

Appellants' third point asserts the trial court erred in ordering the Bank's cause of action against Defendant B. M. Connor severed from the main suit. We sustain this contention.

As stated above, upon the Bank's motion for severance, the trial court entered an order severing the Bank's cause of action against Connor from the main suit. Connor had previously filed a sworn denial of the execution by him of the $15,000.00 guaranty instrument upon which the Bank's suit against him was founded. Bank gives this as its reason for the Motion for Severance.

As stated above, all of the other guarantors except Connor were sued upon guaranties with maximum liability of $50,000.-00.

■ In a suit of this nature (as the case at bar), against the maker of a note and several guarantors, wherein all guarantors have been joined in one suit, we believe it was error for the trial court to sever one guarantor from the remainder of the suit. If a trial on the merits adjudges that these guarantors are liable, then they are jointly and severally liable, at least within their respective limits of liability. Problems of indemnity and contribution as

between the guarantors come into the picture. A severance of one guarantor from the main suit may well occasion unnecessary litigation and a multiplicity of suits. Here, the cause of action (against Connor) sought to be severed is so interwoven with the main suit as to involve the same identical facts and issues and the same subject matter. See Hall, "Severance and Separate Trial in Texas," 36 Texas Law Review 339, cited by our Supreme Court in Kansas University Endowment Association v. King (Tex.Sup.Ct.1961) 162 Tex. 599, 350 S.W.2d 11.

Plaintiff-Appellee Bank in its brief joins the Appellants in moving this court to remand the cause to the trial court for trial on the merits, as to Appellants Bates and Pearce, but not as to Defendant Texas Metallic Mines, Inc. Appellee in its single point of error says that Texas Metallic Mines, Inc., did not perfect an appeal since it did not give notice of appeal or file an appeal bond or affidavit in lieu thereof, and therefore the summary judgment against said Defendant should be affirmed. We overrule this contention.

■ The rule laid down by our Supreme Court is this: The Court of Civil Appeals, having found error in the judgment of the trial court, is authorized in a proper case to remand in the interest of justice. This is a discretionary matter. Rule 434, T.R. C.P.; Morrow v. Shotwell (Tex.Sup.Ct. 1972) 477 S.W.2d 538.

■ It is the general rule that where one party appeals from a judgment, a reversal as to him will not justify a reversal against the other non-appealing parties. This rule, however, does not apply in cases where the respective rights of the appealing and non-appealing parties are so interwoven or dependent on each other as to require a reversal of the whole judgment where a part thereof is reversed. Lockhart, State Treasurer v. A. W. Snyder and Co. (Tex.Sup.Ct.1942) 139 Tex. 411, 163 S.W.2d 385. Also see Saigh v. Monteith (Tex.Sup.Ct.1948) 147 Tex. 341, 215 S.W.

2d 610; Truck Drivers, etc. v. Whitfield Transportation Inc. (Tex.Sup.Ct.1954) 154 Tex. 91, 273 S.W.2d 857; Kansas University Endowment Ass'n v. King (Tex.Sup. Ct.1961) 162 Tex. 599, 350 S.W.2d 11.

■ In the case at bar it appears from the record that most if not all the guarantor Defendants were officers and/or directors of Texas Metallic Mines, Inc., the maker of the note in question; that the entire case revolves around the same or closely-related facts and transactions; that problems of indemnity and contribution exist as between the various guarantor Defendants. For these reasons, in our opinion the issues are closely related and indivisible, so interwoven and dependent on each other, that the case should not be tried piecemeal. The trier of facts should have the entire case before it in disposing of all the parties and issues involved.

For the reasons stated above, we accordingly reverse and remand the entire case including all parties Defendant to the trial court for trial on the merits.

Reversed and remanded.