ASTRO SIGN COMPANY, a division of
Commander Board of South Texas,
Inc., Appellant,

v.

Paul W. SULLIVAN, Appellee.

No. 880.

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 31, 1974.

Rehearing Denied Jan. 30, 1975.

Neil Norquest, Ewers, Toothaker, Ewers, Abbott, Talbot, Hamilton & Jarvis, McAllen, for appellant.

J. W. Patterson, Jr., Cox & Patterson, McAllen, for appellee.

## OPINION

YOUNG, Justice.

This is a plea in abatement case. Paul Sullivan filed a suit in the 93rd District Court of Hidalgo County to recover commissions due him as an employee. That cause was numbered B–26,371. He complained in that petition of "Joe Norman, d/b/a Astro Signs, Division of Commander Board of South Texas, Inc." Thereafter, Sullivan prepared an amended petition wherein Astro Sign Company, a division of Commander Board of South Texas, Inc., was clearly named as a party defendant. On February 6, 1973 a copy of the amended petition was mailed to and subsequently received by the attorney who currently represents Joe Norman and Astro Sign Company. The amended petition, however, was not filed with the district clerk until August 21, 1973. Before the actual filing of the amended petition that attorney, allegedly on behalf of Mr. Norman, conducted settlement negotiations with Sullivan's attorney.

Before Sullivan filed his amended petition with the district clerk, Astro instituted suit against Sullivan, on August 1, 1973, in the 139th District Court of Hidalgo County, cause number C–12023, to recover damages for conversion of its property and for interference with its contractual relationship with several of its employees.

At this point, we note that apparently there are now two district court suits involving three parties: Sullivan's commission suit against Norman and Astro; and Astro's conversion suit against Sullivan.

Then, on August 28, 1973, Sullivan answered the Astro suit with a plea in abatement and an alternative motion to dismiss alleging that Astro's conversion claim in its suit was a Rule 97(a), Texas Rules of Civil Procedure, compulsory counterclaim to Sullivan's claim in his suit. The trial court granted Sullivan's motion to dismiss for the reasons stated in its findings of

fact and conclusions of law. Astro appeals from the judgment dismissing its suit.

In determining the propriety of the trial court's judgment, we notice two issues are raised: first, whether there was a prior pending action between appellee and appellant as required by Rule 97(a), T.R.C.P.; second, if there was a prior action pending, whether appellant's cause of action in the Astro suit arose from the same transaction or occurrence from which appellee's complaint arose in the Sullivan suit.

 In resolving the first issue, we must determine whether appellee's original peition complained of Joe Norman, individually, or of Astro Sign Company, a division of Commander Board of South Texas, Inc. If, as the trial court held, the petition complained of Astro Sign Company, a division of Commander Board of South Texas, Inc., but merely misnamed the corporation, then service upon Joe Norman who was its president was proper. Consequently, the corporation was properly made a party to said action and it was under a duty to plead such "misnomer" in abatement. Its failure to so plead would constitute a waiver of said corporation's right to abate the lawsuit. The subsequent amendment of appellee's pleadings in the Sullivan case correctly stating the name of the corporation would relate back to the date of the original petition in that cause. The amended pleading then would not constitute a new cause of action under Article 5539b, Vernon's Ann.Civ.St.; Adams v. Consolidated Underwriters, 133 Tex. 26, 124 S.W.2d 840 (1939); Abilene Independent Telephone & Telegraph Co. v. Williams, 111 Tex. 102, 229 S.W. 847 (1921); Craig v. White Plaza Hotel, 289 S.W.2d 625 (Tex.Civ.App.—Waco 1956, n. r. e.).

 A different rule would apply if appellee is found to have sued and obtained service upon the wrong party. This different rule means that when the plaintiff discovers his error and then amends his petition to join the proper party, such amended petition is a new lawsuit and the

statute of limitations is not tolled until the plaintiff files his amended petition. This rule is also applicable where the plaintiff is mistaken as to which of two corporations or persons is liable in the case. In that instance, the defendant is under no duty to notify the plaintiff of his mistake. Further, knowledge of the action by the person or corporation actually liable would not be enough to allow substitution of that party for the party who is sued but is not actually liable. Moreover, this rule is applicable even where the corporation actually sued and served with citation and the corporation which is actually liable have the same agent for service. Gillette Motor Transport Co. v. Whitfield, 160 S.W.2d 290 (Tex.Civ.App.—Fort Worth 1942, n. w. h.) ; Cosand v. Gray Wolfe Co., 262 S.W.2d 547 (Tex.Civ.App.—Galveston 1953, n. w. h.) ; Thomas v. Cactus Drilling Corporation of Texas, 405 S.W.2d 214 (Tex.Civ. App.—Austin 1966, n. w. h.).

About the first issue, appellant argues that Joe Norman was sued individually in Sullivan's original petition; therefore, Astro was not made a party to that suit. Consequently, appellee's first amended petition, filed August 21, 1973, does not relate back to the date of the filing of appellee's original petition.

The findings and conclusions by the trial court essential to the determination of this first issue are summarized as follows:

1. Appellee filed suit September 14, 1972, in the 93rd District Court against "Joe Norman d/b/a Astro Signs, Division of Commander Board of South Texas, Inc." (Finding #1).

2. Joe Norman was agent for service of Astro Sign Company, a division of Commander Board of South Texas, Inc. (Finding #28).

3. The original petition in Sullivan's suit was timely filed. (Conclusion #1).

4. Appellee's amended petition filed August 21, 1973, related back to the time he filed his original petition on September 14, 1972. (Conclusion #2).

5. Appellee's amended petition was not the beginning of a new suit against Astro, but rather the correcting of a misnomer in his original petition. (Conclusion #5).

6. The misnomer of a defendant, be it either an individual or a corporation, which cannot mislead merely entitles the defendant to abate the proceedings until the misnomer is corrected. (Conclusion #6).

Finding #1 is uncontroverted. Finding #28 is attacked in points 6 and 17 on the grounds that there is no evidence to support such finding, that such finding is against the great weight and preponderance of the evidence, and that such finding is not material.

The only evidence regarding the propriety of service upon Joe Norman is that by Mr. Patterson, attorney for appellee, who testified that he was aware that Mr. Norman was president of Astro Sign Company. Appellant did not object to that testimony nor did it attempt to controvert Mr. Patterson's testimony. This testimony amounts to more than a mere scintilla of evidence. Where there is some evidence of probative force, the finding of the trial court will not be overturned. Carriere v. Bodungen, 500 S.W.2d 692 (Tex.Civ.App. —Corpus Christi 1973, n. w. h.) ; Mitchell's Inc. v. Nelms, 454 S.W.2d 809 (Tex. Civ.App.—Dallas 1970, n. r. e.) ; Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361 (1960).

Since the only evidence relevant to the issue of whether Joe Norman was agent for service of Astro Sign Company is that which tends to prove that fact, we

should sustain appellant's points only if we find such evidence so uncertain, improbable or unbelievable that it is clearly unjust to permit the judgment to stand. Calvert, supra. The direct testimony of Mr. Patterson was uncontradicted, unequivocal, and entirely probable in light of the interrogatories which Joe Norman answered which reveal that he and his wife are the sole shareholders in the appellant-corporation. Furthermore, the evidence is material to the issue of whether the appellant was served with process in the Sullivan suit. Appellant's points 6 and 17 are overruled.

The trial court's conclusion of law (1) that appellee's original petition was timely filed on or about September 14, 1972 is supported by the facts of this case and is not attacked by appellant.

■ The trial court concluded (5) that appellee's amended petition was not a new suit against Astro Sign Company, but such amended petition was a correction of a misnomer. This conclusion was proper. The appellee's original petition complains of "Joe Norman d/b/a Astro Signs, Division of Commander Board of South Texas, Inc." It is complaining of a business entity known as "Astro Signs, Division of Commander Board of South Texas, Inc." This is merely a mistaken name for Astro Sign Company, a division of Commander Board of South Texas, Inc. A case closely analogous to the case at bar is Hughes v. Board of Trustees, Tarrant County Junior College District, 480 S.W.2d 289 (Tex. Civ.App.—Fort Worth 1972, n. r. e.). In Hughes, one Dave L. Jennings was served with process pursuant to Rule 106, T.R.C. P. The petition complained of "David L. Jennings, also known as Dave L. Jennings". The petition related that the defendant was a student at Tarrant County Junior College. Dave L. Jennings was a student at the college. However, Dave had a twin brother named David L. Jennings who was not a student. On appeal Dave contended that his twin, David, was served. The Fort Worth Court held that the Thomas case, supra, was not applicable and stated:

"The appellee in the instant case did not sue the wrong party. It sued the correct party under a wrong name. . . ."

In Hughes as in the case at bar, it can be argued that there were two separate persons or entities. The complete reading of the petition in each case, however, clearly identifies the party to be sued. The fact that the incorrect name was used is merely a matter for correction by amendment. The amendment does not constitute the filing of a new lawsuit. The rule set down in the Abilene Independent Telephone & Telegraph Co., supra, and those cases following that decision, was properly applied by the trial court. Appellant's point 22 is overruled.

■ Conclusion #6 merely restates the law of cases of misnomer as set out in the cases cited above. Appellant's point 23 is overruled.

■ Conclusions #2 and #3 merely apply the rule of Abilene Independent Telephone & Telegraph Co., supra, to the case at bar. Conclusion #2 correctly states that in cases of misnomer the amended petition relates back to the date of filing of the original petition. Conclusion #3 correctly states appellee's claim in the Sullivan suit is not subject to a plea of limitations. This conclusion is founded upon Article 5539b, supra. See Craig, supra. Appellant's points 19 and 20 are overruled.

■ Two ancillary issues were raised by the appellant in its argument of the first issue. First, appellant there argues that the 139th District Court did not have jurisdiction to determine the issue of who the parties to the Sullivan suit in the 93rd District Court were. This contention is without merit. The 139th District Court had jurisdiction over the parties in that suit to the extent necessary to determine the validity of appellee's plea of

abatement. One necessary issue of such determination was whether the parties in the Sullivan suit and the Astro suit were the same. Similar determinations have been made by other trial courts in ruling on pleas in abatement and have been upheld. Guaranty Building & Loan Co. v. Nowell, 76 S.W.2d 830 (Tex.Civ.App.—Galveston 1934, writ ref'd); Conn v. Campbell, 24 S.W.2d 813 (Tex.Comm'n App.1930, opinion adopted). Second, the appellant claims that the abatement of its suit violated due process because it was not given notice of the Sullivan suit against it. The essence of the "misnomer rule", discussed above is that the appellant was given notice of the action. These contentions are overruled.

The second issue which we must determine in our review of the trial court's conclusion that the appellant's claim is a compulsory counterclaim under Rule 97(a) is whether the claim sued upon by appellant in its Astro suit arose "out of the transaction or occurrence that is the subject matter" of appellee's claim in his Sullivan suit. This issue is a question of law. Capetillo v. Burress & Rogers, 203 S.W.2d 953 (Tex.Civ.App.—Galveston 1947, n. r. e.). Appellant in its point 21 challenges the trial court's conclusion #4. The trial court concluded there that the Astro suit should be dismissed because the claims of Astro, in that suit, should have been stated as a counterclaim in the Sullivan suit (first of the two suits filed).

Appellee's suit against appellant is founded upon contract. Appellee's pleadings in that cause allege that appellant breached its contract of employment with appellee by refusing to pay appellee commissions due from sales and installations of appellant's products. Appellant's suit against appellee is founded upon tort. Appellant's pleadings in its cause seek recovery of funds converted by appellee after appellee was discharged. Appellant also seeks recovery for the reasonable value of property converted by appellee to his own use and benefit before his discharge. Finally, appellant seeks damages for appellee's interference with appellant's contractual relationship with other employees.

■ The issues which appellee must prove to recover from appellant in the contract suit are wholly separate and distinct from the necessary elements of proof which appellant must raise to establish his right to recover in the tort suit. There are no elements common to appellee's action for breach of contract and appellant's action for conversion and interference with contractual relationship. One requirement of a compulsory counterclaim is that it must arise out of the same transaction or occurrence as the opposing claim. Tex.R. Civ.P. 97(a); 2 McDonald, Texas Civil Practice § 7.49 (1970). See Capetillo, supra. This requirement is not present here. Appellant's point 21 is sustained.

In its point 24, the appellant attacks conclusion #7. The trial court there held that appellant was estopped from asserting a defense based upon the failure of Sullivan to obtain service upon appellant in the Sullivan suit. The basis of the trial court's ruling is that Mr. Hamilton who represented Mr. Norman, and eventually the appellant, entered into negotiations with appellee's attorney and in so doing gave appellee the definite impression that he was acting for all the defendants named in appellee's amended petition and would file an answer for them. We disagree.

■ The essential elements of estoppel are: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) to a party without knowledge, or the means to acquire it; (4) with the intention that it should be acted on; and (5) the party to whom it was made must have relied or acted on it to his prejudice. 22 Tex.Jur.2d Estoppel § 8 (1961); Rio Delta Land Company v. Johnson, 475 S.W.2d 346 (Tex.Civ.App.—Corpus Christi 1971, n. r. e.); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). Before an estoppel can arise as a matter of law,

there must be certainty to every intent, and the facts alleged to constitute estoppel are not to be taken by argument or inference. *Rio Delta Land Company,* supra.

 It is undisputed that the amended petition was not filed in the Sullivan suit until August 21, 1973. Further, it appears that all of the conduct of Mr. Hamilton which the trial court held estopped appellant from asserting the lack of service upon it as a defense, occurred prior to the filing of the amended petition. The only definite date upon which any conduct occurred was February 6, 1973. On that date appellee's attorney mailed a letter and a copy of the amended petition to Mr. Hamilton. It is undisputed that there were some settlement negotiations after that date. There is no testimony that any settlement negotiations were conducted after August 21, 1973. Any waiver of citation or answer filed by appellant prior to August 21, 1973 would be void. Deen v. Kirk, 508 S.W.2d 70 (Tex.Sup.1974); Gonzalez v. Gonzalez, 494 S.W.2d 655 (Tex.Civ.App.—El Paso 1973, n. w. h.); Rule 119, T.R.C.P. appellee's attorney is charged with notice of these principles. It is undisputed that neither party was aware that the amended petition had not been filed. It was incumbent upon appellee's attorney to file the petition. Appellant's attorney had no duty to notify them of their mistake. Any alleged representation made by appellant's attorney took place before such an answer or waiver could be effective. Appellee is charged with notice of this fact. His attorney could easily have ascertained whether or not he had filed the petition. Appellant is not found to have hindered appellee's filing of the amended petition. Therefore, estoppel cannot arise.

Further, it is undisputed that appellant had not hired Mr. Hamilton to represent it until August 1, 1973. The trial court did not find to the contrary. Thus any estoppel which might arise must be between Joe Norman and appellee.

Another reason the trial court erred in its estoppel conclusion is that the trial court made a finding that the appellee's attorney inadvertently overlooked mailing Sullivan's amended petition to the district clerk for filing when he mailed a copy of that instrument to Mr. Hamilton on February 6th. In his brief the appellee candidly admitted:

"Inadvertently, Sullivan's attorney, Bill Patterson, neglected to mail the original of this First Amended Petition to the District Clerk's Office for filing."

To us the above means that the amended petition was tardily filed with the district clerk because of appellee's mistake rather than appellant's misrepresentation. Appellant's point 24 is sustained.

 The trial court held in conclusion #8 that the claim in Astro's suit was a compulsory counterclaim to that in Sullivan's suit even if Sullivan's cause named only Joe Norman as a defendant. Appellant says that is wrong in its point 25. Rule 97(a), supra, requires that the claim be against an opposing party in a pending action. 2 McDonald, Texas Civil Practice § 7.49 (1970). If, as the trial court surmised, Joe Norman was the only party defendant in Sullivan's suit, appellant is not a party to that action. Appellant's point 25 is sustained.

Because of the trial court's error in sustaining appellee's plea in abatement in the Astro cause, appellant's point 18, complaining of that error, is sustained.

In its remaining points, 1 through 5 and 7 through 16, the appellant complains of several other findings of the trial court. We have considered those findings and do not deem them material to the disposition of this case on appeal. For that reason those points, 1 through 5 and 7 through 16, are overruled.

The judgment of the trial court is reversed and remanded.