James T. BOHART, Appellant,

v.

**FIRST NATIONAL BANK IN DALLAS, Appellee.**

No. 4888.

Court of Civil Appeals of Texas, Eastland.

March 11, 1976.

Rehearing Denied April 8, 1976.

---

Tom James, Dallas, for appellant.

Bruce W. Claycombe, Dallas, for appellee.

RALEIGH BROWN, Justice.

This is a suit on a promissory note executed by James T. Bohart and his now deceased wife, Jean P. Bohart, payable to First National Bank in Dallas. Following the death of Jean Bohart and default on the note, the bank sold certain stocks and bonds pledged to secure the indebtedness evidenced by the note, and thereafter sued James Bohart and the estate of Jean Bohart to recover the remaining indebtedness and to judicially foreclose on other pledged stocks and bonds.

James Bohart and the independent executor of the Estate of Jean Bohart filed pleas in abatement seeking to abate the suit by authority of Section 147, Texas Probate Code. James Bohart filed a counterclaim against the bank. First National Bank responded to the pleas in abatement and filed a motion for summary judgment against both defendants. The plea in abatement as to the independent executor was sustained, but as to James Bohart was denied. The bank was granted an interlocutory summary judgment against James Bohart.

First National Bank's motions for severance of its claim against James Bohart from Bohart's counterclaim against the bank and for severance of the bank's claim against James Bohart from the bank's claim against the independent executor were granted. Summary judgment was then entered against James Bohart for the indebtedness, interest, attorney's fees and also the judgment ordered foreclosure of stocks pledged to the bank by James Bohart to secure his indebtedness. James Bohart appeals.

Bohart argues the trial court erred in granting First National Bank's motion for severance as to his counterclaim. We agree.

The counterclaim seeks damages for the wrongful liquidation of securities pledged as collateral for the note sued on by the Bank. Such a counterclaim meets the provisions of Rule 97(a), T.R.C.P., which states:

"*Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of

236

third parties of whom the court cannot acquire jurisdiction."

See also McDonald, Texas Civil Practice, Vol. 2, § 7.49.

The trial court abused its discretion in severing the Bank's claim from Bohart's compulsory counterclaim arising out of and turning upon the same facts. *Spangler v. Hickey*, 401 S.W.2d 721 (Tex.Civ.App.—Tyler 1966, no writ); *Bolding v. Chapman*, 394 S.W.2d 862 (Tex.Civ.App.—Austin 1965, writ ref. n. r. e.); *Connell v. Spires*, 264 S.W.2d 458 (Tex.Civ.App.—Eastland 1954, no writ); *Ulmer v. Mackey*, 242 S.W.2d 679 (Tex.Civ.App.—Fort Worth 1951, writ ref. n. r. e.); McDonald, Texas Civil Practice, Vol. 3, § 10.25.

The instant case is distinguishable from a line of cases that support the proposition that a claim for wrongful attachment or wrongful sequestration is not a compulsory counterclaim. *Capetillo v. Burress & Rogers*, 203 S.W.2d 953 (Tex.Civ.App.—Galveston 1947, writ ref. n. r. e.); *Fisher v. Howard*, 389 S.W.2d 482 (Tex.Civ.App.—Dallas 1965, no writ); *Security State Bank and Trust v. Craighead*, 440 S.W.2d 701 (Tex. Civ.App.—San Antonio 1969, writ ref. n. r. e.). The court in *Capetillo v. Burress & Rogers*, supra, stated:

> "A wrongful sequestration is in the nature of an abuse of process of court procured by a party to a suit. It does not arise out of a transaction or occurrence which is being litigated, but arises out of the wrongful act of a party to the litigation in seeking to enforce rights arising out of the transaction or occurrence which is the subject matter of his suit. We must therefore hold that Rule 97(a) is not applicable."

In the instant case, the liquidation of the pledged securities arises out of the transaction which is being litigated between the parties. It is within the jurisdiction of the court and does not require for its adjudication the presence of third parties. Rule 97(a), T.R.C.P., is applicable and the trial court erred in severing Bohart's counterclaim against the Bank from the Bank's claim against Bohart.

This holding makes it unnecessary to consider the other points of error, the judgment is reversed and the cause remanded.

## ON MOTION FOR REHEARING

We hold the compulsory counterclaim of Bohart and the Bank's claim involve identical facts, issues, and subject matter, and are so interwoven a severance would occasion unnecessary litigation and a multiplicity of suits. As stated in 3 McDonald, Texas Civil Practice § 10.25 (1970):

> ". . . The trial court should not sever the plaintiff's claim from the defendant's compulsory counterclaim, or a cross-claim between defendants, arising out of and turning upon the same facts . . ."

The granting of the severance was an abuse of discretion. *Bates v. First National Bank of Waco*, 502 S.W.2d 181 (Tex.Civ. App.—Waco 1973, no writ).

We can find nothing in the record to cause us to change the judgment heretofore entered. The motion for rehearing is overruled.