**Mary F. MATHIS, Appellant,**

v.

**BILL DE LA GARZA & ASSOCIATES, P.C., Appellee.**

No. 9668.

Court of Appeals of Texas, Texarkana.

Aug. 1, 1989.

Rehearing Denied Sept. 19, 1989.

Robert E. Hudson, Houston, for appellant.

Kenneth D. McConnico, Webster, Angelo Parrish, Parrish & Parrish, Houston, for appellee.

CORNELIUS, Chief Justice.

Appellee sued appellant to recover attorney's fees he alleged were due from his representation of appellant in her divorce action. Appellant raised defenses of accord and satisfaction and failure of consideration, and counterclaimed for damages due to breach of contract. The trial court severed the counterclaim from the suit and on the day of trial granted appellee's motion in limine, which effectively prevented appellant from introducing evidence to support her defenses. Based on the jury verdict, the trial court rendered judgment in appellee's favor for $12,791.97.

Among other things, appellant contends that the trial court erred in severing her counterclaim and in excluding evidence supporting her defense of accord and satisfaction. We agree, and reverse and remand the cause to the trial court.

Tex.R.Civ.P. 97 requires a counterclaim to be raised if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim and does not require the presence of a third party. Both criteria have been met in this case. Appellee sued for payment on a contract, and appellant's counterclaim alleged breach of the same contract. Thus, the counterclaim was a compulsory one. *See Connell v. Spires*, 264 S.W.2d 458 (Tex.Civ.App.—Eastland 1954, no writ). Although the trial court has broad discretion in ordering severances, the severance of a compulsory counterclaim which arises out of the same contract or issue that is the subject of the suit, constitutes an abuse of discretion and is reversible error. *Ryland*

*Group, Inc. v. White*, 723 S.W.2d 160 (Tex. App.—Houston [1st Dist.] 1986, no writ); *see also, Bohart v. First National Bank in Dallas*, 536 S.W.2d 234 (Tex.Civ.App.—Eastland 1976, writ ref'd n.r.e.); *Carter v. Walton*, 469 S.W.2d 462 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.); *Spangler v. Hickey*, 401 S.W.2d 721 (Tex. Civ.App.—Tyler 1966, no writ); *Bolding v. Chapman*, 394 S.W.2d 862 (Tex.Civ.App.—Austin 1965, writ ref'd n.r.e.); *Ulmer v. Mackey*, 242 S.W.2d 679 (Tex.Civ.App.—Fort Worth 1951, writ ref'd n.r.e.); 3 R. McDonald, *Texas Civil Practice in District and County Courts* § 10.25 (rev. 1983).

■ Appellee argues that the trial court's order can be construed as an order for separate trial of issues as permitted by Tex.R.Civ.P. 174(b), rather than a severance. We cannot agree. The trial court on several occasions referred to the order as one of severance, and stated that he was severing the counterclaim "from this case" and "completely out of this matter." Moreover, the order here is one of severance *in fact* as well as *in name*, because at the conclusion of the trial a final judgment was rendered. *See Nolan v. Bettis*, 562 S.W.2d 520 (Tex.Civ.App.—Austin 1978, no writ). If the order had been one for separate trial of issues, only an interlocutory order determining the issues so tried would have been proper, with the one final judgment awaiting the trial and resolution of the remaining issues. *Nolan v. Bettis*, supra.

■ In her second and third points of error, appellant contends that the trial court erred in granting the motion in limine, which effectively excluded evidence of her defenses. The trial court ruled that because the defenses had not been specifically pleaded pursuant to Tex.R.Civ.P. 94, any evidence supporting them would be inadmissible. However, appellant did affirmatively plead the defenses. If the pleadings were deficient in some way, they should have been attacked by special exceptions specifically pointing out the obscurity or generality excepted to, not by a motion in limine filed the day of trial. Tex.R. Civ.P. 91; *see also, Houser v. Sunshine*

*Laundries & Dry Cleaning Corp.*, 438 S.W.2d 117 (Tex.Civ.App.—San Antonio 1969, writ ref'd n.r.e.).

Appellant offered some evidence on her defense of accord and satisfaction: Before the divorce decree was entered, she paid $8,000.00 to appellee. He assured her that she would not have to pay more than another $2,000.00 to go to trial for final resolution of the divorce. In the final decree, the trial court ordered each party to pay his own attorney's fees and found $10,000.00 to be a reasonable amount. Appellant believed that the $10,000.00 would consist of the $8,000.00 and $2,000.00 already paid, but appellee insisted on another $10,000.00 because the judge had ordered $10,000.00 in attorney's fees. Appellant reluctantly paid the $10,000.00, believing it was the final payment and would settle the matter. Subsequently, appellee sent another bill and demand letter for an additional $12,791.97.

■ Accord and satisfaction occurs when parties make an agreement to discharge a disputed obligation by a lesser payment tendered and accepted. *Jenkins v. Henry C. Beck Company*, 449 S.W.2d 454 (Tex.1969). The accord must involve the settling of an unliquidated and disputed amount, because the mere payment and acceptance of a sum of money less than the amount of an *undisputed* indebtedness does not constitute an accord and satisfaction. *Blaylock v. Akin*, 619 S.W.2d 207 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.). In addition to consideration, there must be a meeting of the minds and there must be an unmistakable communication to the creditor that tender of the lesser amount is on the condition that its acceptance will constitute satisfaction of the entire obligation. *Jenkins v. Henry C. Beck Company*, supra; *Pickering v. First Greenville National Bank*, 495 S.W.2d 16 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.).

■ Appellant's evidence, if believed by the jury, would support a finding of accord and satisfaction, constituting a complete bar to appellee's cause of action. Appellee correctly asserts that the evidence does not

conclusively prove the defense, but it would raise a fact issue and, had it been submitted to the jury, could have led to a finding of accord and satisfaction. It was therefore error to exclude the evidence.

It is not necessary that we consider appellant's other points. The judgment is reversed and the cause is remanded for trial consistent with this opinion.

### ON MOTION FOR REHEARING

In her motion for rehearing, appellant urges that we write on her fourth point of error because, if it is sustained, a reversal and rendition of the judgment in her favor would be required, rather than a reversal and a remand.

In her fourth point appellant argued that because the jury found that appellee failed to perform his legal services in a good and workmanlike manner, he was precluded from any recovery. The jury did find in question two that appellee failed to perform his services in a good and workmanlike manner, but it also found in question four that appellant accepted appellee's work on her behalf.

Absent an express agreement to the contrary, every contract for services is accompanied with a duty to perform in a good and workmanlike manner with reasonable skill. If the services are not performed in such a manner, *and are worthless*, the person so performing will not be allowed to recover. *Bachynski v. Fox and Co.*, 662 S.W.2d 771, 773 (Tex.App.—Houston [14th Dist.] 1983, no writ); *Dowell, Inc. v. Cichowski*, 540 S.W.2d 342, 351 (Tex.Civ. App.—San Antonio 1976, no writ); *Moody v. Messer*, 489 S.W.2d 319 (Tex.Civ.App.— Corpus Christi 1972, no writ); 14 Tex. Jur.3d *Contracts* § 287, at 492 (1981). The burden of securing findings on this affirmative defense is on the party resisting payment. *New Trends, Inc. v. Stafford–Lowden Co.*, 537 S.W.2d 778, 783 (Tex.Civ.App. —Fort Worth 1976, writ ref'd n.r.e.). In our case there was a finding that appellee failed to perform in a good and workmanlike manner, but there was neither evidence nor a finding that the work was worthless and of no benefit to the appellant. In fact,

there was a finding that appellant accepted the services. In that situation a total denial of recovery is not mandated.

The motion for rehearing is overruled.